[No. 13428. Department Two. — December 15, 1891.]

NEILS PETERSON, RESPONDENT, v. JAMES KINKEAD, APPELLANT.

HOMESTEAD — SETTLEMENT — IMPROVED PUBLIC LAND — ENTRY UPON ANOTHER'S POSSESSION. — A settlement cannot rightfully be made upon improved land in the actual possession of another, for the purpose of making a homestead entry, even though the land is public land, open to homestead entry, and the party entering thereon possesses all the requisite qualifications to make the entry.

ID. — POSSESSION OBTAINED AS TENANT — FRAUD UPON OCCUPANT. — One who obtains possession under permission of an occupant of public land to enter thereon as a tenant, while secretly intending to obtain possession

of the land adverse to the occupant, for the purpose of claiming the land as a settler under the homestead laws, is entitled to no advantage to the prejudice of such former occupant, obtained by his fraudulent deception.

ID. — ESTOPPEL OF TENANT — EJECTMENT BY LESSOR. — One who enters into possession of public land as a tenant of an occupant thereof, under a lease from such occupant, and who afterwards conceives the intention to claim the land as a homestead adversely to his landlord at some future time, but fails to connect himself with the government title by filing a homestead claim, is estopped by the lease from denying the title of the lessor, in an action of ejectment brought by the lessor.

APPEAL from a judgment of the Superior Court of San Benito County, and from an order denying a new trial.

The facts are stated in the opinion.

*John L. Hudner*, for Appellant.

The defendant had a right to hold as a pre-emptioner, with the intention of perfecting his title when the claim of the railroad became extinguished, and the court had no right to deprive him of this advantage over others. (*Simmons* v. *Gleason*, 1 Copp's Land Laws, 551.) The relation of landlord and tenant cannot exist as to public domain. (*Dilla* v. *Bohall*, 1 Copp's Land Laws, 538; *Bohall* v. *Dilla*, 41 Cal. 532; *Dilla* v. *Bohall*, 53 Cal. 709; *Bohall* v. *Dilla*, 114 U. S. 47.) Whether the court below was right or not in deciding that the land was not public land as the law stood at the time of the trial, it is public land as the law now stands, Congress having forfeited the railroad title (act of Congress forfeiting railroad lands, approved September 29, 1890), and the case must be reversed. (Cooley's Constitutional Limitations, 381, and notes.) Plaintiff could not, while perfecting his homestead claim to the land upon which he was residing, stretch a fence around the land in dispute, and keep others, whether he put them in the possession or not, from exercising their right of pre-emption as to it. (*O'Leary* v. *Zollars*, 1 Copp's Land Laws, 539; *Myneu* v. *Young*, 1 Copp's Land Laws, 560; *Powers* v. *Forbes*, 1 Copp's Land Laws, 563; *Nichols* v. *Burbank*, 1 Copp's Land Laws, 567; *Marks* v. *Bray*, 1 Copp's Land Laws, 569.)

*N. C. Briggs,* for Respondent.

Appellant, having entered as a tenant under the respondent, cannot be heard to dispute respondent's right until he has fully restored to him the property. No authorities need be cited to sustain that proposition, and the same rule prevails in the land department. (*Hornbough* v. *Diggins,* National Domain, July 2, 1888.) Appellant cannot claim a homestead right by entering upon the improvements and possession of another, nor by obtaining that possession by fraud. (*Davis* v. *Scott,* 56 Cal. 165; *McBrown* v. *Morris,* 59 Cal. 64; *Goodwin* v. *McCabe,* 75 Cal. 584.) Even if appellant entered peaceably, without fraud, as a tenant, he could not hold the land against the prior actual possession of respondent, without connecting himself with the government title. This he did not pretend to do. (*Page* v. *Hobbs,* 27 Cal. 484; *Mejerle* v. *Ashe,* 33 Cal. 90; *Durfee* v. *Plaisted,* 38 Cal. 83; *Quinn* v. *Kenyon,* 38 Cal. 501; *Burrell* v. *Haw,* 40 Cal. 377; *Schieffery* v. *Tapia,* 68 Cal. 186; *S. P. R. R. Co.* v. *Purcell,* 77 Cal. 70; *Burling* v. *Thompkins,* 77 Cal. 257; *Davidson* v. *Cucamonga F. Co.,* 78 Cal. 4; *Buckley* v. *Howe,* 86 Cal. 596.) The appellant alleges, in his answer, only citizenship, age, and marriage as his qualifications. He fails to allege that he has not already had a homestead, which is one of the qualifications. (Authorities above cited.) Failing to allege any act connecting himself with the government, he contents himself with the allegation of intention to do so, only. Intention is not sufficient, and will not avail. (*Mott* v. *Hawthorn,* 17 Cal. 60; *People* v. *Jackson,* 24 Cal. 631; *Dunn* v. *Ketchum,* 38 Cal. 96; *Hildebrand* v. *Stewart,* 41 Cal. 391.)

Vanclief, C. — Action in the nature of ejectment to recover from defendant the possession of the southwest quarter of the northwest quarter of section 29, township 14 south, range 6 east, Mt. Diablo meridian, in the county of San Benito. The action was commenced December 13, 1888.

The answer of the defendant, after denying all the

allegations of the complaint, proceeds as follows: "And for another and further answer, defendant avers that the land described in the complaint is public land of the United States, open to settlement under the homestead and pre-emption laws; that defendant is a citizen of the United States, over the age of twenty-one years, and a married man, having a wife and child; that defendant is now residing upon said land, with a view and intent of entering the same as a homestead under said homestead laws, and of acquiring title thereto under said homestead laws; that said land is subject to a claim of the Southern Pacific railroad, but for a valuable consideration said company will abandon and relinquish its said claim to said land, and the same will thereby become open to immediate entry under said homestead laws; and defendant with his said family is now residing upon said land in good faith, and with the intention of procuring said relinquishment of said railroad company, and of immediately thereafter entering the same as a homestead as aforesaid; and that any claim of said plaintiff to said land is in fraud of the right of said defendant to enter said homestead, and of the government of the United States, and of the right of the latter to said land, and its right to dispose of the same under said homestead laws."

Judgment passed for the plaintiff, and defendant appeals from it, and from an order denying his motion for a new trial.

The court found that the demanded premises "is a part of the government domain, and open to settlement under the homestead and pre-emption laws of the United States, subject, however, to the inchoate title of the Southern Pacific Railroad Company"; that plaintiff "entered into possession of said land under purchase of the 'right of possession' from one Hitchcock, about six years ago, said Hitchcock being at the time in the peaceable and exclusive possession thereof"; that from the time of such purchase and entry until 1888, the plaintiff continuously cultivated about ten acres of the land, tak-

ing therefrom annual crops of hay and grain; that, together with a larger tract of eighty acres, the land in dispute was inclosed by a wire and brush fence, "which, in connection with natural barriers, make an inclosure sufficient to turn stock. This inclosure was placed by plaintiff and his grantor, and has continuously, down to December 8, 1888, been maintained by plaintiff."

It is further found that there was on the premises a small house twelve by fourteen feet in size, which was generally occupied by an employee of the plaintiff, and was occupied by one of them immediately prior to the entry of defendant and his family, as hereinafter stated.

On August 15, 1888, the plaintiff verbally leased this cabin to the defendant from month to month, at a rent of three dollars per month, which the defendant agreed to pay, the plaintiff agreeing to make an addition to the cabin at a future time not specified, but never made it. The defendant entered into possession of the cabin under this lease, and continued to occupy it until December 8, 1888, when he refused to pay any rent, and denied that plaintiff had any right to the demanded premises, and claimed them for himself as a settler thereon, under the homestead laws of the United States; and the court finds that at the time of the trial he was residing upon the land "with a view and intent of entering the same as a homestead, and acquiring title thereto under said homestead laws," but that he has not taken any step for that purpose required by law, except as above stated.

It does not appear what was the nature of the alleged "inchoate title" of the railroad company to the land, nor under what act of Congress the railroad claimed, nor that any railroad was ever located under such act of Congress; nor does it appear that either party ever acquired any right whatever from the railroad company. Counsel for appellant states in his brief that the right of the railroad company to the land was declared forfeited by act of Congress before the trial of this action, but he does not cite the act.

Conceding to the appellant that the land was public land, open to entry under the homestead and pre-emption laws of the United States, that he had the requisite qualifications to make a homestead entry, and that he intended to do so, yet, for that purpose, he had no right to enter or settle upon improved land in the actual possession of the plaintiff. (*Goodwin* v. *McCabe*, 75 Cal. 585; *McBrown* v. *Morris*, 59 Cal. 65; *Davis* v. *Scott*, 56 Cal. 165.) Even if he was not estopped from denying plaintiff's title by the lease under which he was permitted to enter and occupy, he is entitled to no advantage by having gained plaintiff's permission to enter and occupy as tenant, while he secretly intended thereby to obtain a possession adverse to plaintiff, for the purpose of enabling him to claim the land as a settler under the homestead laws, if such was his intention. If such an entry upon the land was not surreptitious, it was, nevertheless, obtained by his fraudulent deception, from which the law will allow him no advantage to the prejudice of the plaintiff.

The defendant failed to connect himself with the government title under the homestead laws or otherwise, even by his answer, which avers only that he " is residing upon said land in good faith and with the intention of procuring said relinquishment of said railroad company, and of immediately *thereafter* entering the same as a homestead." There is no pretense that he had ever filed any affidavit with the register or receiver of the land-office, or that he had in any manner indicated to the government his intention to claim or enter the land under any law. Nor, indeed, does it appear from the findings or answer when he conceived the intention to claim the land under the homestead laws, it being alleged and found only that he had such intention at the time of filing his answer. It is to be presumed, therefore, that he entered into possession as tenant under the lease in good faith, as he professed to do, and that he conceived the intention to claim adversely to his landlord afterwards. This being the case, and having failed to connect

himself with the government title, he is estopped by the
lease from denying the plaintiff's title.

I think the judgment and order should be affirmed.

TEMPLE, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment and order are affirmed.