ALEXANDER HEMPHILL *et als.*, RESPONDENTS, v. JAMES DAVIES, APPELLANT.

DECLARATORY STATEMENT—REGISTER'S CERTIFICATE.—A declaratory statement for the purpose of pre-empting lands, or the Register's certificate of the filing of such statement, confers no title. It is merely an application—an offer to purchase, after the requisite proof of residence, qualifications, etc., shall be made.

APPEAL from the District Court of the Fourteenth District, County of Nevada.

The case is stated in the opinion.

*A. C. Niles,* for Appellant

For the appellant it was claimed that the certificate of preemption offered in evidence by him is evidence of legal title in him, derived from the United States, although no patent had then been obtained. Such certificate is made by statute *prima facie* evidence of legal title in the holders. (Hittell's Digest. par. 703.)

The validity of this certificate not having been attacked, the *prima facie* evidence afforded by it becomes conclusive. (*Richter v. Riley,* 22 Cal. 640.)

By filing his declaratory statement, of which the certificate in evidence was proof, Davis acquired a right in the premises which he was entitled to protect, and which our statute declares shall be considered as title.

*A. A. Sargent* and *E. H. Gaylord,* for Respondents.

For the respondents it was urged that the appellant acquired no title by filing his declaratory statement in the land office

RHODES, J., delivered the opinion of the Court:

McKee, who held the possessory title to the lands in controversy, executed the note and mortgage in suit, and subsequently conveyed the lands to the defendant, and the defendant filed his declaratory statement with the Register of the proper land district for the purpose of pre-empting a part of said lands, and the Register issued to him the usual certificate of the filing of such declaratory statement. There are certain other facts in the case, among which are, that McKee executed a subsequent mortgage to the defendant; that he leased the premises to the plaintiffs; that, at the time of the execution of the deed of McKee to the defendant, the defendant's mortgage was released and plaintiff's lease

was cancelled, and the defendant paid a portion of plaintiff's mortgage and promised to pay the balance, which was to remain a lien upon the premises, etc.; but they have no material bearing upon the only point we deem it necessary to consider. Judgment was rendered for the plaintffs in the usual form, ordering the premises to be sold for the satisfaction of the amount due the plaintiffs.

The point upon which the appeal is taken is, that the Court erred in ordering all the title of the defendant in the premises to be sold, without reserving the title that he acquired from the United States. There can be no question that whatever title passed to the defendant by means of McKee's deed, is subject to sale in satisfaction of the mortgage debt. The defendant does not controvert this position. That title is the only title that appears to be involved in the action. A declaratory statement, or a Register's certificate of the filing of such declaratory statement, is not title. It is merely an application—an offer to purchase, after the requisite proof of residence, qualifications, etc., shall be made. When this is done, and payment is made, and the certificate of purchase is issued, then the purchaser acquires what is recognized by the laws of this State as title derived from the United States. The defendant states in his answer that he made the requisite proof of his pre-emption claim, paid the purchase money and received a certificate of purchase; but it is not so found by the Court, nor does the record contain any evidence of his proceedings in that behalf, beyond the issuing of the certificate of the filing of the declaratory statement.

Judgment affirmed.