<hr />

[Department One.—June 15, 1883.]

C. D. HAVEN, RESPONDENT, v. F. M. HAWS, APPELLANT.

PRE-EMPTION SETTLEMENT.—A qualified pre-emptor, intending at the time of settlement to take the whole of a quarter section of land, can initiate a valid claim to the whole, by performing acts of settlement on one half, while the other one half is enclosed and cultivated by another person before and at the time the attempt begins.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The action was for the recovery of the possession of the west half of a certain quarter section of land.    The plaintiff held a certificate of purchase from the United States which grew out of a contest between one Osborne who held a soldier's certificate and had located the same land, and the plaintiff and the defendant who had each filed a declaratory statement to pre-empt. The Secretary of the Interior decided the contest in favor of the plaintiff herein.

The defendant by way of cross-complaint set up the proceedings, findings, and decisions of the Secretary of the Interior, from which it appears that the defendant, before and at the time the plaintiff made a settlement on the east half of the land and

filed his declaratory statement for the whole, was in the actual
occupation and possession of the west half, and that the plaintiff
had never performed acts of settlement upon the west half; and
claimed that the decision was erroneous in law.   The plaintiff
demurred to the cross-complaint and the demurrer was sus-
tained.   The case was then tried and the court found in favor
of the defendant on the ground of adverse possession.   The
defendant appealed to review the order sustaining the demurrer
to the cross-complaint.

*Satterwhite & Curtis,* for Appellant, argued that the Secretary
of the Interior *erred in matter of law,* and that the State courts
should review the decision, citing the cases discussed in the
opinion.

*C. W. C. Rowell,* for Respondent, argued that the demurrer
was properly sustained; that the decision of the Secretary of the
Interior upon the question presented is final, and the State
courts will not review such a decision, citing *Dilla* v. *Bohall,* 53
Cal. 709; *Powers* v. *Leith,* 53 Cal. 711.

PER CURIAM. — The question involved in this appeal, as
stated by appellant's counsel, is as follows: —

"Can a qualified pre-emptor, intending at the time of settle-
ment to take the whole of a quarter section, one hundred and
sixty acres, initiate a valid claim to the whole by performing
acts of settlement on one eighty, while the other eighty is
enclosed and cultivated by another person, before and at the
time the attempt begins?"

It is insisted by appellant that the officers of the land depart-
ment of the United States erred in law, in holding that a
qualified pre-emptor could, under the circumstances stated,
initiate his claim and acquire title to the eighty acres so in
possession of another person.

Appellant relies upon *Atherton* v. *Fowler,* 96 U. S. 519; *Hos-
mer* v. *Wallace,* 97 U. S. 575; and *Trenouth* v. *San Francisco,*
100 U. S. 251.

These cases do not sustain his position.   In *Atherton* v. *Fow-
ler,* it was held: No right of pre-emption can be established by
a settlement and improvement upon a tract of public land where

the claimant *forcibly intruded* upon the possession of another. Such intrusion is a trespass and cannot initiate a right of pre-emption. The pre-emption laws cannot be made an apology for trespasses or acts of violence, but in the case before us there was no intrusion upon the actual or constructive possession of the appellant.

In *Hosmer* v. *Wallace* the defendant was a purchaser from a Mexican grantee. At the time when the plaintiff settled upon the land it was within the exterior limits of the grant, and was not "public land" within the meaning of the pre-emption laws. In 1862 the plaintiff was evicted by legal process. The Supreme Court of the United States held that the plaintiff acquired no right to pre-empt, by virtue of his occupation, prior to the date last mentioned. After that date it would seem that the plaintiff occupied a subdivision adjoining the exterior line of the Mexican grant and adjoining the tract in possession of the defendant — the purchaser from the Mexican grantee. By the Act of Congress of 1866, the defendant acquired the right to pre-empt the tract he had purchased — a right which he enforced in the land department. The plaintiff, as a pre-emption claimant, had not made entry, paid for the land, and obtained a patent certificate *before* the passage of the Act of 1866. It was held the plaintiff had acquired no vested right when that act was passed, and that it was competent for Congress, by that act, to give to the defendant the superior right of pre-emption; "to deal with the land as it chose." (*Frisbie* v. *Whitney*, 9 Wall. 187; *The Yosemite Valley Case*, 15 Wall. 77.)

*Trenouth* v. *San Francisco*, construed the act to quiet the title to certain lands within the corporate limits of San Francisco. (14 Stats. 4.)

In *Hosmer* v. *Duggan*, 56 Cal. 257, cited by appellant, as in *Hosmer* v. *Wallace, supra*, it is said that a possession of lands, without the exterior limits of a Mexican grant, did not create a valid pre-emption right, to lands *within* the exterior lines of the grant, in the actual possession of another — even though upon a subsequent survey by the government the land should be excluded from the grant. This language is to be interpreted in the light of the circumstances of the cases. In both, the person in possession of the land, within the exterior limits of the Mexi-

can grant, was a beneficiary under the Act of 1866, who had asserted his right of pre-emption under that act, and obtained his patent.

In *Davis* v. *Scott*, 56 Cal. 170, also cited by appellant, the defendant invaded the plaintiff's actual possession, ousted and withheld the possession from him. His acts of settlement were within the actual possession of another.

The cases in Lester referred to by appellant do not sustain the view of the law he insists upon. In the case of *Flickinger*, to which our attention is particularly called (1 Lester L. L. p. 397, No. 446), the Secretary of the Interior held that Flickinger was not entitled to land by him claimed, because it appeared he was not occupying for his own benefit, but as servant of another, and that he had another claim in the "Big Woods" at the time he was occupying the land then in controversy.

Judgment affirmed.