[Filed November 26, 1888.]

# ALEXANDER JACKSON, RESPONDENT, v. WILLIAM JACKSON, APPELLANT.

PLEADING — CONSTRUCTION OF UNDER CODE. — The Civil Code of this state requires the allegations of a pleading to be liberally construed, in order to determine its effect, with a view to substantial justice between the parties.

ID. — GROUND OF DEMURRER TO. — A pleading must contain facts sufficient to constitute a cause of action, suit, or defense, but a failure to state them with clearness and precision is not a ground of demurrer; if they are stated in such a vague and ambiguous manner that the precise nature of the charge or defense is not apparent, the remedy of the adverse party is by motion to compel the pleader to make it more definite and certain.

ID. — PRE-EMPTION LAWS — POSSESSION — INJUNCTION. — Where a plaintiff alleged the filing of his declaratory statement; claiming to pre-empt two subdivisions of land under the laws of the United States; that he was a legally qualified pre-emptor under said laws; that he had been in the peaceable and quiet possession thereof, complying with the requirements of said laws in doing all necessary acts of residence and cultivation; that the defendant unlawfully and wrongfully took possession of one of the subdivisions, and prevented and forcibly resisted the plaintiff from taking possession thereof; that the defendant forcibly resists plaintiff from taking possession of the land in order to do the necessary acts of residence and cultivation thereon; and that the defendant was wholly insolvent: held, that the facts stated were sufficient to constitute a cause of suit for an injunction to compel the defendant to desist from doing such acts, and to admit the plaintiff into the possession of the land; that the filing of the declaratory statement by the plaintiff entitled him to the possession of the land for the purpose of performing those acts required to be done by the pre-emption law; and that no other person had a right to enter the land or to interfere with the plaintiff's occupancy of it so long as his entry remained uncanceled.

APPEAL from the Circuit Court for the county of Coos.

*Hazard & Wilson*, for Appellant.

*J. W. Hamilton*, for Respondent.

THAYER, C. J.—The respondent commenced a suit against the appellant in said circuit court to compel him to admit the respondent into the possession of certain

premises, situate in said county, and described as the west half of southeast quarter, and northeast quarter of southeast quarter of section 25, township 28 south, range 12 west, and to enjoin the appellant from entering upon the said premises. He alleged in his complaint that he was a legally qualified pre-emptor under the laws of the United States; that on or about the twenty-fifth day of May, 1887, he duly filed his declaratory statement, claiming to pre-empt said premises under the laws of the United States; that said filing was duly made in the United States land-office at Roseburg, Oregon; that for two years previous to said filing he was in the peaceable and quiet possession of said premises, and complying with the requirements of the laws of the United States in doing all necessary acts of residence and cultivation thereon; that inasmuch as there was a question as to whether said premises were subject to pre-emption, or whether they fell within the limits of the Coos Bay Wagon-road Company's grant of land, a private corporation doing business within the state of Oregon, and duly organized under the laws of the state, he made a contract with the said company for the purchase of said premises, in the event the same should come within its grant, previous to his filing, and by the license and permission of said company, was in possession of said land on the eighth day of February, 1888, at which time the appellant unlawfully and wrongfully took possession of the premises, and had prevented and forcibly resisted him from taking possesssion thereof; that the appellant had committed and was then committing acts to the irreparable injury of the rights of the respondent, in that the appellant forcibly resisted respondent from taking possession of said premises in order to do the necessary acts of residence and cultivation thereon, and said appellant had injured the stock of respondent on the premises, and

threatened to kill any of respondent's stock which he might find thereon; that appellant was wholly insolvent, and unable to pay respondent any damages which might be recovered in an action, and that he had no plain, speedy, or adequate remedy at law.

The appellant demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of suit. The circuit court overruled the demurrer, and the appellant having failed to answer over, the decree appealed from was entered against him.

It is claimed by the appellant's counsel on the appeal that a pleading must be construed most strongly against the pleader. He claims also that the ground of the suit is irreparable injury to the respondent, and that, in order to maintain it, the respondent must not only allege it, but must state the facts from which it is inferable. He further claims that the complaint is defective in not stating such facts.

Whatever the rule may heretofore have been in regard to the construction of a pleading, is unimportant. Under the present practice in this state, it is regulated by positive law. Our code, section 84, provides that "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties." This is, to my mind, a wholesome improvement upon the rule contended for by appellant's counsel, and is in harmony with the general spirit and intent of code practice. A pleading must contain facts sufficient to constitute a cause of action, suit, or defense; but a failure to state them with that clearness and perspicuity required in good pleading is not a ground of demurrer. It is not open to that character of objection, unless it fail to contain some material averment. If the facts necessary to constitute a cause of action, suit, or defense can be obtained by a liberal con-

struction of the allegations in the pleadings, with a view
to substantial justice between the parties, a demurrer to
it should not be sustained. When the pleader alleges
sufficient facts in such a case, but states them in such a
vague and ambiguous manner that the precise nature of
the charge or defense is not apparent, the remedy of the
adverse party is by motion to compel him to make it
more definite and certain.

I have examined the complaint demurred to, and think
that it states facts sufficient to entitle the respondent to
the relief claimed. The case is one which requires a
speedy and summary remedy; otherwise the respondent
will necessarily lose the benefit of his pre-emption right
to the premises.

The appellant's counsel contends that the complaint
does not show the respondent entitled to the possession
of the premises; that the claim of license from the wagon-
road company had no effect, as it is not shown that said
company ever had the right of possession itself, nor that
the mere filing of a pre-emption declaratory statement
necessarily gives the right to the possession of all the land
covered thereby, as any number of persons are allowed to
file on the same tract at the same time, leaving the ques-
tion of the ultimate right to purchase to be decided by the
department whenever a contest shall be initiated, or an
attempt made by one of the claimants to perfect his entry.
Upon this last proposition we are unable to agree with
counsel. We are of the opinion that a pre-emptor by fil-
ing his declaratory statement acquires a priority of right,
and that he is entitled to the possession of the premises
for the purposes of performing those acts required to be
done by the pre-emption law, and that no other person
has a right to enter the land or to interfere with his
occupancy thereof so long as his entry remains uncan-
celed.

XVII. OR.—8

The facts alleged in the complaint show such an interference on the part of the appellant with the respondent's occupancy of the premises as will necessarily jeopardize his right to perfect his title thereto under the pre-emption law of the United States.

The judgment appealed from will therefore be affirmed.