. [No. 12795. In Bank. — February 28, 1889.]

GEORGE W. WHITTAKER, R<span>ESPONDENT</span>, *v.* LO-RENZO PENDOLA, A<span>PPELLANT</span>.

P<span>UBLIC</span> L<span>ANDS</span> — H<span>OMESTEAD</span> E<span>NTRY</span> — I<span>NCLOSURE</span> <span>BY</span> T<span>RESPASSER</span>. — An unauthorized inclosure of public land of the United States by a mere trespasser cannot prevent a homestead entry of the land by a citizen of the United States who goes peaceably upon a portion of the tract, and in other respects complies with the law.

I<span>D</span>. — P<span>ROOF</span> <span>OF</span> H<span>OMESTEAD</span> E<span>NTRY</span> — R<span>ECEIVER'S</span> R<span>ECEIPTS</span> — P<span>RESUMPTION</span> — J<span>UDICIAL</span> N<span>OTICE</span>. — The production of the receiver's receipt is sufficient *prima facie* proof of a homestead entry in the United States land-office. It must be presumed that the official duty of the register and receiver was regularly performed in accordance with the department rules, of which the court takes judicial notice.

E<span>JECTMENT</span> — T<span>ITLE</span> <span>UNDER</span> H<span>OMESTEAD</span> E<span>NTRY</span> — R<span>ECOVERY</span> <span>AGAINST</span> T<span>RES-</span> <span>PASSER</span>. — By the terms of the act of March 23, 1874, every qualified homestead claimant who has made a homestead entry according to law is deemed to have title and to be in possession of all the land described in the entry as against trespassers, and all persons not having a superior right, so long as he resides thereon and complies with the law. Such homestead claimant is therefore entitled to recover the whole premises in ejectment against a trespasser, who has held part thereof under an inclosure.

A<span>PPEAL</span> from a judgment of the Superior Court of Calaveras County, and from an order denying a new trial.

*F. W. Street,* for Appellant.

The defendant being in the actual possession of the land at the time of plaintiff's attempted homestead entry, plaintiff's proceedings herein were invalid. (*Fletcher* v. *Mower,* 56 Cal. 421; *McBrown* v. *Morris,* 59 Cal. 64; *Goodwin* v. *McCabe,* 75 Cal. 584; *Atherton* v. *Fowler,* 96 U. S. 513; *Hosmer* v. *Wallace,* 97 U. S. 575; *Trenouth* v. *San Francisco,* 100 U. S. 251; *Quinby* v. *Conlan,* 104 U. S. 423; *Mower* v. *Fletcher,* 116 U. S. 381.) The declaratory statement made by the pre-emptor was only a notice of intention to claim the land settled upon, and it conferred no right upon the settler, outside of the lands actually

settled upon and occupied by him, as against other settlers, nor even as to his actual occupation, as against the government. (*Frisbie* v. *Whitney,* 9 Wall. 187; *Yosemite Valley Case,* 15 Wall. 77; *Forbes* v. *Driscoll,* Sup. Ct. Dak. 1887.) Plaintiff has neither established title nor prior possession, and cannot recover. (*Page* v. *O'Brien,* 36 Cal. 561; *Ayres* v. *Bensley,* 32 Cal. 620; *Potter* v. *Knowles,* 5 Cal. 87.) The homestead receipt does not show actual possession of any part of the lands. (*Pickard* v. *Kelley,* 52 Cal. 89; *Lynch* v. *Brigham,* 49 Cal. 138; Code Civ. Proc., sec. 1925.)

*Reddick & Solinsky,* for Respondent.

Cases cited by appellant relate to forcible entry on possession of another. The rule is different when the settlement on the part of the land occupied by the preemptor is peaceable. (*Haven* v. *Haws,* 63 Cal. 516.) A homestead entry gives an absolute right of possession. (*Emerson* v. *Sansome,* 41 Cal. 556.)

The COURT.—This is an action to recover all but two or three acres of the land described in the following receipt:—

"Receiver's duplicate receipt, No. 4760—Homestead.
"RECEIVER'S OFFICE, STOCKTON,
February 17, 1887.

"Received of George W. Whittaker the sum of sixteen dollars —— cents, being the amount of fee and compensation of register and receiver, for the entry of the east half of northwest quarter, and the east half of southwest quarter of section 18, in township 2 north, of range 14 east, Mount Diablo meridian, under section 2290, Revised Statutes of the United States.

"$16.00.               JOHN E. BUDD, Receiver."

On the trial, the plaintiff introduced this receipt in evidence, and testimony which showed that before the commencement of the action he had, in addition to the

payment mentioned in the receipt, built a house and
taken up his residence on the two or three acres covered
by his homestead location and not sued for. It further
appeared that most of the demanded premises had been
inclosed and cultivated by the defendant for about two
years before the issuance of the receipt, and that he had
thereon a house and barn. On this case plaintiff rested,
and defendant moved for a nonsuit on the ground that
plaintiff had shown no title. The motion was overruled,
and defendant, without offering any evidence upon his
part, submitted the case.

The court gave judgment for plaintiff, from which, and
from an order subsequently made overruling his motion
for a new trial, defendant appeals.

The defendant, not having shown any capacity in him-
self to acquire the government title to the demanded
premises, nor any effort or intention to do so, stands in
the position of a mere naked trespasser upon the public
domain, with an inclosure erected and maintained, con-
trary to the express provisions of the act of Congress of
February 25, 1885 (Statutes 1884–85, p. 321); and the
main question in the case is, whether by such unauthor-
ized inclosure he can prevent a homestead entry of the
land by a citizen of the United States who goes peace-
ably upon a portion of the tract, and in other respects
complies with the law.

This is the precise question, or the converse of it, in-
volved and decided in the case of *Haven* v. *Haws*, 63
Cal. 514; and on the authority of that case we hold that
this plaintiff had the right to make his homestead entry
of the whole tract, notwithstanding the possession by
defendant of the greater portion of it.

That he made the entry was, we think, sufficiently
proved *prima facie* by the production of the receipt from
the land-office. Under the department regulations, of
which we take notice, it was the duty of the register and
receiver of the local land-office, upon payment of the

proper fees, to issue this receipt, and *thereupon* to make the proper entry of the location.

This official duty we must presume was regularly performed. (Code Civ. Proc., sec. 1963, subd. 15.) And especially ought this presumption to obtain, in view of the provision of the statute forbidding the issuance of any certificate of entry, prior to the expiration of five years. (U. S. Rev. Stats., sec. 2291.)

The evidence, therefore, brought the plaintiff squarely within the provisions of the second section of the act of the legislature of this state, passed March 23, 1874 (Statutes 1873–74, p. 544), which reads as follows:—

"Sec. 2. Every qualified homestead claimant under the homestead laws of the United States, residing on public land of the United States within this state, who shall have made his original homestead entry in accordance with said laws, shall, from the date of such entry, be deemed to have title to and to be in possession of all the land described in such entry, as against trespassers, and all persons having no superior right or title to the same, as long as he shall continue to reside thereon, and to comply in good faith with said homestead laws."

Under this law the plaintiff must be deemed to have the title as against the defendant to the demanded premises.

Judgment and order affirmed.