[14964. Department Two.— May 16, 1893.]

## THOMAS ROURKE, APPELLANT, *v.* HANNAH Mc-NALLY ET AL., RESPONDENTS.

EJECTMENT— PRIOR POSSESSION OF PUBLIC LAND— ENTRY BY HOMESTEAD CLAIMANT. — One who was in the prior actual possession of public land open to settlement, under the forfeiture act of Congress of September 28, 1890, may maintain ejectment against a person who made a peaceable entry upon such actual possession, intending to occupy the land as a homestead, but who is not otherwise connected with the government title.

ID.— UNAUTHORIZED ENTRY UPON ACTUAL POSSESSION— LAWS OF UNITED STATES. — The laws of the United States do not authorize an entry upon public land in the actual possession of another, for the purpose of making a settlement, though made by one qualified to purchase from the government or to acquire a homestead, and made with intent to acquire the title in some lawful mode.

APPEAL from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion.

*Briggs & Hudner,* for Appellant.

*Scott & Dooling,* for Respondents.

TEMPLE, C.— This appeal is by plaintiff upon the judgment-roll, and appellant contends that judgment should have been for plaintiff upon the findings.

Suit was brought to recover the possession of land, and it was tried without a jury. The court found that plaintiff on the fifteenth day of August, 1891, was, and long prior thereto had been, in the actual possession of the demanded premises; that plaintiff entered in the occupation of the same March 20, 1890, and enclosed the land with a wire and brush fence, which with natural barriers excluded and enclosed stock; that plaintiff did not reside upon the land, but had continued an exclusive possession until ousted by the defendant Julia; that the land was a part of the public domain of the United States, and was open to settlement pursuant to the forfeiture act of Congress, approved September 29, 1890; that on August 16, 1891, while plaintiff was so in possession, defendant, Julia McNally, entered upon the land and made a settlement thereon by building a house, then and now intending to enter the same and the enjoining land, not exceeding one hundred and sixty acres, as a homestead under the laws of the United States, and is now residing thereon. She made her entry through an

opening in plaintiff's fence, not made by her, but by some un-known person. She broke no fence, and her entry was with-out force or violence. Her entry, however, was without the knowledge or consent of plaintiff and against his will, and she has ever since kept him out of possession.

By what course of reasoning the court reached the conclusion that plaintiff could not recover on these facts, we are not informed, as respondents have filed no brief. The defendant Julia did not connect herself with the government title through the homestead law or otherwise. Since she entered upon the actual possession of another, it is of no moment that her entry was peaceable, because made in the absence of plaintiff; nor is it of consequence that she intended to take up the land as a homestead. This did not warrant her entry upon the actual possession of another; but she has not even attempted to enter the land as a homestead, and she has acquired no rights under any act of Congress. Until she has acquired some such right or connected herself in some lawful mode with the true title, she cannot resist the presumption of title in the plaintiff, which arises from the fact of his prior possession. The laws of the United States do not authorize an entry upon the actual pos-session of another for the purpose of making a settlement, though made by one qualified to purchase from the government or to acquire a homestead, although such entry is made with the intent to acquire the title in some lawful mode. (*Atherton* v. *Fowler*, 96 U. S. 513; *Dunwood* v. *Martin*, 120 U. S. 369; *Quimby* v. *Conlon*, 104 U. S. 381; *McBrown* v. *Morris*, 59 Cal. 68; *Goodwin* v. *McCabe*, 75 Cal. 584; *Bullock* v. *Rouse*, 81 Cal. 590; *Peterson* v. *Kinkead*, 92 Cal. 372.)

I think the judgment should be reversed and the court below directed to enter judgment for the plaintiff on the findings.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judg-ment is reversed and the court below is directed to enter judg-ment for the plaintiff on the findings.

McFARLAND, J., FITZGERALD, J.

DE HAVEN, J., concurred in the judgment.