[Civil No. 382.  Filed January 26, 1894.]

[36 Pac. 209.]

DAVID BALSZ et al., Defendants and Appellants, v.
ADOLPH LIEBENOW, Plaintiff and Appellee.

1. PUBLIC LANDS—EJECTMENT—RIGHT TO MAINTAIN—RECEIVER'S DU-
PLICATE RECEIPT OF ENTRY—REV. STATS. ARIZ. 1887, PAR. 3138, CON-
STRUED.—A receiver's duplicate receipt of a homestead filing upon
land, made after contest and cancellation of the entry of a prior
occupant, is not sufficient evidence of title and right to possession
in the holder thereof to maintain an action of ejectment against
such prior occupant.  Statute, *supra,* construed.

ROUSE, J., dissents.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
H. C. Gooding, Judge.  Reversed.

The facts are stated in the opinion.

H. N. Alexander, for Appellants.

The court erred in admitting in evidence plaintiff's ex-
hibit number one.  This is a receipt of the register of the land
office at Tucson, Arizona, which defendants claim was in-
admissible to prove title or right of possession in plaintiff.
In some states, by statute, such papers are sufficient to main-
tain ejectment, notably Arkansas and Nebraska, and in some
others, but in Arizona we have no such statute.  *Langdon* v.
*Sherwood,* 124 U. S. 74, 82, 83, 84, 85, 8 Sup. Ct. Rep. 429.

The court should have instructed the jury to render a ver-
dict for defendants at the close of plaintiff's evidence, as the
proof showed at the time, by plaintiff's own evidence, that he
had never been ousted from the possession by defendants or
any one else, and that at that time he was in possession of the
premises.

C. F. Ainsworth, for Appellee.

This action being one to try the right of possession to the
property in question, the title is not involved, it being con-
ceded by the appellants that the title to the land in question is

in the United States government; the only question is the right of possession.

Under our statute (sec. 3135) this action is maintainable wherever the plaintiff is legally entitled to the possession of the premises sought to be recovered. No allegation of ownership is required to be set out in the complaint; the plaintiff is only required to set out in his complaint that he was entitled to the possession of the premises, describing them, and that the defendant on a day named in the complaint afterwards, and before the commencement of the action, entered into and dispossessed him of the premises and unlawfully withheld from the plaintiff the possession thereof, etc. Rev. Stats. 1887, sec. 3137.

The defendant, under a general denial, may introduce testimony to show that the plaintiff is not entitled to the possession, or that the title is in some other person other than the government (Rev. Stats. 1887, sec. 3138); thus clearly implying that when the title is in the United States government that that is no defense to the action.

It is further provided by section 3139 that it shall be sufficient to entitle the plaintiff to recover to show, at the time the action was commenced, that the defendant was in possession of the premises claimed, and that the plaintiff had a right to the possession thereof.

Section 3152 also provides in all actions involving the title or right of possession to real estate the court shall frame the judgment so as to grant the relief demanded by the proof and the law applicable to the case, and all writs necessary to enforce the judgment may be issued thereon.

These statutes clearly show that there are two classes of cases in which the action for the recovery of the possession of real estate may be maintained:—

First—Where the title is involved, and the question of right of possession is based upon the title to the land;

Second—In cases where the title is not involved, but where the right to possession is based upon other facts and circumstances which entitle a party to possession of such real estate.

The latter is the case at bar. The government of the United States is presumably in possession of all its lands. By acts of Congress the United States is authorized to dispose of its lands through a tribunal created by Congress known

as the general land office of the United States. It is also provided by acts of Congress that lands may be conveyed to citizens of the United States under what are known as the Timber Culture Act, the Homestead Act, the Pre-emption Act, and the Desert Act, upon the terms and conditions specified by the general land office, to whom this power is delegated to supervise the sale and disposition thereof under the different provisions so provided by the acts of Congress.

The appellee in this action, as the record shows, was the favorable contestant,—that is to say, his contest was finally allowed by the general land office and the secretary of the interior. Under this contest he was, by section 2 of the act of Congress passed March 14, 1880, (Stats. 21, p. 140,) expressly allowed the right to enter the land to which such contest referred at any time within thirty days after he should be notified that such contest had been decided in his favor. He accordingly took advantage of his right, made his filing as provided by the rules and regulations of the general land office, and to him was issued a receiver's certificate. Now, what is the object of this receiver's receipt? It is for the purpose of authorizing the party to whom it is issued to enter into possession of the lands therein described for the purpose of completing and perfecting a title to said lands under the requirements of law. If it is not for the purpose of authorizing the party to whom it is issued to enter into possession, then it amounts to nothing. For if some other person is in possession of the premises described in the receiver's certificate, and who has no title whatever, he may defeat the government of the United States from disposing of its lands to persons seeking to obtain the title in the manner provided for obtaining title by the Homestead Act. The government itself would in that case first have to institute suit to dispossess parties before they could execute said certificates to entrymen, and we submit that in this case both parties claim their right to possession to these lands in question, not by any title that either of them have, but by the right of entry.

The appellants claim through and under C. H. Vail, who made the entry under the Timber Culture Act. His entry was contested by the appellee and such contest sustained, and his entry ordered by the secretary of the interior canceled; therefore, the right to enter upon the land which he obtained in the

first instance has been by this act of the government set aside. These appellants, taking under and through Vail, are bound by that judgment and decree, and that question cannot be litigated in this court in this collateral proceeding. Courts cannot exercise any appellate jurisdiction over the rulings of the officers of the land department, nor can they reverse or correct their decisions in collateral proceedings between private parties. *Shepley* v. *Cowan,* 91 U. S. 330; *Quinby* v. *Conlan,* 104 U. S. 420.

The land department is a tribunal appointed by Congress to decide certain questions relating to the disposition of public land, and its decisions upon matters of fact cognizable by it, in the absence of fraud or imposition, is conclusive everywhere else. *Lee* v. *Johnson,* 116 U. S. 48, 6 Sup. Ct. Rep. 249; *Baldwin* v. *Starks,* 107 U. S. 463, 2 Sup. Ct. Rep. 473; *Steel* v. *Smelting Co.,* 106 U. S. 447, 1 Sup. Ct. Rep. 389; *Vance* v. *Burbank,* 101 U. S. 514.

The land department having decided in favor of Liebenow's entry, it is conclusive as between the parties to this action, and the receiver's certificate is also sufficient evidence to the right of possession to maintain this action as against the appellants herein, who show no title to the land; and especially is this so where the appellee is a successful contestant authorized to make the entry. *McDonald* v. *Edmonds,* 44 Cal. 328.

SLOAN, J.—Appellee brought suit in the district court, Maricopa County, against appellants, to recover the possession of the northeast quarter of section 12, in township 1 north, range 3 east, Gila and Salt River base and meridian. There was a jury trial, and verdict for appellee. From the judgment and order overruling their motion for a new trial, appellants have taken this appeal.

The facts, as they appear from the transcript, are substantially these: On the twenty-ninth day of August, 1881, one Vail made a timber-culture entry for the land in question. On February 2, 1885, Vail conveyed said land by quitclaim deed to Luz R. Balsz, one of the appellants, who, with her husband, David Balsz, ever since the date of said deed, until after the commencement of this suit, was in the possession and occupancy of the whole thereof. In September, 1886, appellee filed a contest in the local land office against Vail's entry, and

on January 15, 1891, finally succeeded in having said entry canceled, and was thereupon notified by the land officers of his preference right to enter same, and did, on February 9, 1891, make a homestead filing upon the land, and receive the receiver's duplicate receipt therefor. Appellee then brought his suit for the possession of the land. At the trial the court admitted the duplicate receipt of the receiver in evidence, over objection, as evidence of title and right of possession in appellee, and instructed the jury that it constituted sufficient title in appellee to entitle him to recover in the action. The action of the court in admitting the duplicate receiver's receipt, and in instructing the jury, as above stated, are assigned as errors.

Assuming that Liebenow had a right to make a valid homestead entry upon the land in question, notwithstanding the occupancy of Balsz, and that the doctrine of *Atherton* v. *Fowler*, 96 U. S. 513, does not apply, the question still remains, Does the mere filing made by Liebenow under the Homestead Act, as evidenced by the receiver's duplicate receipt entitle him to maintain his action in ejectment? In many of the states and territories it has been provided by statute that certificates issued by registers of the land office, and receivers' receipts issued after final proof, shall be held to be *prima facie* evidence of title sufficient to support ejectment. Such certificates evidence an equitable title in the holders, and show that, having fully complied with the requirements of the law, the holders are entitled to patents from the government. But inasmuch as the legal title to public land remains in the government, even after final proof, until patent issues, and as delays often occur whereby the legal title may not for years be vested in the holder of such an equitable title, in order to protect the latter in his possession, the legislatures in many states have extended the action of ejectment to embrace such titles. There is a clear distinction to be observed between certificates issued after final proof and receipts issued by receivers or registers of the local land office, showing mere filings upon public lands under the various land acts. The former, as we have said, evidence the equitable title, while the latter are not evidence of any title. As was held by the supreme court of California in *Hemphill* v. *Davies*, 38 Cal. 577, in regard to the register's certificate

of the filing of a declaratory statement, such a certificate "is not a title." "It is merely an application—an offer—to purchase after the requisite proof of residence, qualification, etc., shall be made. When this is done, and payment is made, and the certificate of purchase is issued, then the purchaser acquires what is recognized by the laws of this state as title derived from the United States." A statute of the state of California was in force at the time that this decree was rendered in *Hemphill* v. *Davies*, which provided that "the certificate of purchase or of location of any lands in this state, issued or made in pursuance of any of the laws of the United States, or of this state, shall be deemed *prima facie* evidence of the legal title in the plaintiff." We have no statute which can be construed as giving the holder of such inchoate and uncertain claim to land as a duplicate receiver's receipt a right to dispossess one in the prior possession of land in a suit of this character. We have been cited to paragraph 3138 of the Revised Statutes as sustaining the contrary view. This paragraph provides that in the action of ejectment, under the plea of "Not guilty," the defendant may "give in evidence any testimony tending to show that the plaintiff is not entitled to such possession, or that the title is in some other person, other than the government." This statute goes no further than to recognize that one may maintain his action of ejectment, provided he has a right to the possession, even though the legal title be in the United States. Possibly, it may give the right to the holder of an equitable title evidenced by the certificate of a register of the local land office, issued upon final proof. At any rate, it does require of the plaintiff that he show a right to the possession, and falls very short of declaring that a mere naked filing as evidenced by a duplicate receiver's receipt, establishes that right. The land department has exclusive jurisdiction to determine all questions between conflicting claimants, at least until an equitable estate has vested in the entryman, and the courts cannot interfere by putting one claimant in possession and ousting another. If the United States cares to put an entryman in possession, it may undoubtedly do so by ejecting parties unlawfully in possession, but it does not confer upon the holder of a duplicate receiver's receipt this right. Of course, an entryman in possession may bring a possessory action, if ousted, to be returned

to his possession. He may do this upon the well-settled principle in ejectment that one in possession of land under claim of right cannot be dispossessed by one having no greater right.

We hold, therefore, that the court erred in its ruling in admitting the duplicate receiver's receipt as evidence of title, and instructing the jury that it was sufficient title upon which a recovery might be had. The cause is therefore reversed, and a new trial granted.

Hawkins, J., concurs.

Baker, C. J., did not take part in this case.

ROUSE, J., dissenting.—I cannot concur in the opinion in this case. Vail filed on the quarter-section of land described in the complaint under the provisions of the Timber Culture Act. After making said filing he granted to appellants the right to take possession of said land, and they took possession, and improved and fenced a part thereof, and were in possession of a part thereof under said right acquired of Vail at the time this suit was instituted. Appellants at no time made an effort to enter said land in their own right. Liebenow filed a contest against Vail's entry, and on a trial thereof before the register and receiver of the local land office Vail's entry was canceled. Vail appealed from that decision to the commissioner of the general land office, and the decision of the register and receiver was affirmed; and he appealed to the secretary of the interior, and the decision was again affirmed. Vail's right to said quarter-section was by the decision referred to canceled, and from that time he had no right thereto; and appellants, claiming from him, lost their right to said land at the same time. From that time they were in possession without right. By the decision in the contest, Liebenow obtained under the law, preference right over all others for a certain time to file on said quarter-section. Within that time he entered into possession of a part of said quarter-section not occupied by appellants, built a house and occupied it, and thereafter made a homestead filing on said quarter-section with the register and receiver of the local land office, paid those officers their fees for making the filing, and received their re-

ceipt therefor. Liebenow then instituted this action for the possession of said quarter-section.

Vail's entry of said land gave him the right to the possession thereof for the purpose of performing those acts required to be done by the Timber Culture Act, and he had the right to the possession thereof so long as his entry remained uncanceled. The right of possession is given by the government to the entryman, that he may fulfill the requirements of the law to perfect his title. *Jackson* v. *Jackson,* 17 Or. 110, 19 Pac. 847. The decision canceling Vail's entry terminated all his right to said land,—possession, as well as the right to acquire title thereto,—and with termination of his rights appellants' rights were at an end. The contest was an adjudication of the rights of Vail and Liebenow, and resulted in favor of the latter. He thereby acquired the right to enter said land. From the date of said decision, appellants, having no connection with the government title, were mere trespassers. The decision in the contest precluded them from connecting themselves with the government title, and gave that right to Liebenow. *Kitts* v. *Austin,* 83 Cal. 167, 23 Pac. 290; *Rourke* v. *McNally,* 98 Cal. 291, 33 Pac. 62; *Whittaker* v. *Pendola,* 78 Cal. 296, 20 Pac. 680; *Haven* v. *Haws,* 63 Cal. 514. Liebenow, after the contest, went upon a part of the quarter-section which was not occupied, built his house and occupied it, and then filed on the quarter-section. He had the right to file on all of it, and to have possession of all of the quarter-section. *Haven* v. *Haws* and *Whittaker* v. *Pendola, supra.* The right to occupy the public lands does not exist, excepting for the purpose of acquiring the title in compliance with the laws of the government.

Liebenow complied with the requirements of these laws, and then commenced an action in ejectment for the possession of the land. The statute of this territory for the trial of the right of property contains the following: "Par. 3135. The action of ejectment may be maintained in all cases where the plaintiff is legally entitled to the possession of the premises." "3138. The defendant may plead 'Not guilty' and under such plea give in evidence any testimony tending to show that the plaintiff is not entitled to such possession or that the title is in some other person other than the government. 3139. It shall be sufficient to entitle the plaintiff to recover to show at

the time the action was commenced the defendant was in possession of the premises claimed and that the plaintiff had a
right to the possession thereof." "3134. The plea of not guilty
or any other answer to the merits shall be an admission by the
defendant for the purpose of that action that he was in possession of the premises sued for or that he claimed title thereto
at the time the action was commenced." If plaintiff is legally
entitled to the possession, he can maintain the action. The
decision of the land officers gave Liebenow the right to enter
the land. He made a settlement thereon, and then a homestead
filing. Under the homestead entry, it was not only Liebenow's
privilege to occupy the land, but it was his duty to do so.
Liebenow was legally entitled to the possession. *Jackson*
v. *Jackson,* 17 Or. 110, 19 Pac. 847; *Kitts* v. *Austin,*
83 Cal. 167, 23 Pac. 290; *Whittaker* v. *Pendola,* 78 Cal. 296,
20 Pac. 680. By the plea in this case appellants admitted
they were in possession. All, then, that appellee had to show
to entitle him to a judgment was, that he had a right to the
possession. Rev. Stats., par. 3139. Under the plea of "Not
guilty," which was the plea entered in this case, a defendant
may give in evidence testimony tending to show that the title
is in some person other than the government. Rev. Stats.,
par. 3138. If the title is in the government, that is no defense
to the action. Plaintiff can recover possession of land belonging to the government which is in possession of the defendant
by showing that he is legally entitled to the possession. The
right of possession is the gist of the action, and not title. By
the contest the right of Vail to said land was determined.
That decision was that he had no right thereto; that the land
was subject to entry; that Liebenow had the preference right
to enter the same; that no one could enter it until after the
expiration of a certain number of days, excepting Liebenow.
It was an adjudication of the matter by a competent tribunal,
resulting in Liebenow's favor; and if he did not acquire the
legal right to the possession thereof by complying with the
provisions of the laws of the United States with reference to
the entry of said quarter-section under the Homestead Act,
it would be difficult to conceive what would be necessary to
do in order to acquire a legal right thereto. If Liebenow is
not entitled to the possession of said land against appellants,
no one is; and they can remain in possession for all time with-

out any filing, and without even the right to make a filing. If Liebenow had gone upon said quarter-section and had made a homestead filing while appellants were in possession, before instituting a contest, he could not recover. The right to institute a contest before the proper tribunals is the mode to be pursued. When one person is in possession of public lands which another wishes to enter it is the only mode to be pursued. By a contest the proper tribunal determines whether the occupant is in possession by right, and if the decision be against him, another may acquire the right, by complying with the decision; and in all such cases the decision against the person in possession is in effect that he has no possession, —that he is a trespasser. *Kitts* v. *Austin,* 83 Cal. 167, 23 Pac. 290; *Rourke* v. *McNally,* 98 Cal. 291, 33 Pac. 62; *Whittaker* v. *Pendola,* 78 Cal. 296, 20 Pac. 680; *Haven* v. *Haws,* 63 Cal. 514. The judgment of the district court should be affirmed.