[L. A. No. 1612. Department One.—February 25, 1907.]

## J. IRVIN GRAGG, Appellant, v. J. W. COOPER, E. S. SHEFFIELD, and CHARLES A. EDWARDS, Respondents.

PUBLIC LANDS—HOMESTEAD CLAIM—LAND ACTUALLY POSSESSED NOT SUBJECT TO ENTRY.—Public land of the United States actually occupied and possessed by one who has it inclosed by a substantial fence, and is using it for agricultural purposes, without other right, is not subject to entry by a qualified claimant under the Homestead Laws of the United States; and the process of obtaining from the officers of the United States a certificate of such entry, and a receipt for fees paid, in pursuance of a declaration of his intention to settle upon the land as a homestead, filed with them, does not authorize him to go upon the land so possessed and oust the prior possessor, or to recover the possession in an action against him.

ID. — EXCEPTIONS TO RULE — LAND POSSESSED CONSTRUCTIVELY OR IN PART SUBJECT TO ENTRY.—If public land is possessed only constructively, or is actually possessed only in part of a quarter-section, such possession does not preclude a qualified homestead claimant who has filed upon a quarter-section from entering upon that part of the homestead claim not actually possessed, and thus obtaining a title to the whole quarter-section, which will prevail as to the whole land declared upon. But these exceptions have no application where the whole land declared upon is in the actual possession of another.

APPEAL from a judgment of the Superior Court of Santa Barbara County. J. W. Taggart, Judge.

The facts are stated in the opinion of the court.

W. S. Day, for Appellant.

Canfield & Starbuck, for Respondents.

SHAW, J.—The plaintiff appeals from a judgment in favor of the defendants in an action by plaintiff to recover possession of a tract of land.

The land in question was, on and prior to February 24, 1903, a part of the public lands of the United States. At that time, and for a long time prior thereto, the defendants and their predecessor in interest had been in possession of the land, had inclosed it by a substantial fence, and were, and had been, using it for agricultural purposes, claiming title thereto. On that day the plaintiff, who was a person qualified under the laws of the United States to take up public lands as a homestead, made a homestead filing for the land in the United States land-office, paid the required fees therefor, and obtained the usual receipt or certificate of said entry. Afterwards, on April 6, 1903, he moved on the land with his family and occupied a portion thereof, claiming it all as a homestead. The record does not show that his entry was forcible or surreptitious, and consequently we must presume that it was open and peaceable. Subsequently the defendants ousted him, and he thereupon began the present action. The defendants have no title to the land, nor any right to the possession thereof, except such as may arise from their prior actual possession and inclosure at the time of the homestead entry of plaintiff.

The question thus presented by the record is whether or not public land of the United States which is in the actual occupancy and possession of one who has it inclosed by a substantial fence and is using it for agricultural purposes, but is without other right, can be entered as a homestead by another person by filing his homestead declaration with the receiver of the land-office, paying the fees, obtaining the proper certificate therefor, and thereafter taking peaceable possession of the land, or some part thereof, in pursuance of his claim.

The law seems to be settled that such land, so occupied and possessed by another is not subject to entry by a qualified claimant under the Homestead Laws of the United States, and that the process of obtaining from the officers of the United States a certificate of such entry and a receipt for the fees paid, in pursuance of a declaration of intention to settle upon the land as a homestead, filed with them, does not give the homestead claimant the right to go upon the land and oust the prior possessor, either by force of arms or by

process of law in an action for possession. In the leading case of *Atherton* v. *Fowler,* 96 U. S. 514, the proposition was laid down that the law of the United States on the subject did not authorize or contemplate an entry on land then in the actual possession of another, and that land so occupied was not subject to entry by another under the Homestead or Pre-emption laws, although it would have been but for the prior possession. In that case there had been no certificate issued, but the entry was made with the intent to purchase it under the Pre-emption Law. The appellant seeks to distinguish it from the present case on the ground that the certificate was here actually issued and that its effect was to vest in the plaintiff the equitable title, which should prevail over the defendants, who are in possession without title.

The reason of the rule, however, applies in one case as fully as in the other. The foundation of it is that such entries would inevitably lead to strife, violence, and perhaps bloodshed. In this state the rule has been repeatedly applied in cases where there had been the usual filing of the declaratory statement and issuance of the certificate by the officers of the land-office to the claimant, the land being at the time in the actual possession of some other person. (*Goodwin* v. *McCabe,* 75 Cal. 588, [17 Pac. 705] ; *McBrown* v. *Morris,* 59 Cal. 64; *Davis* v. *Scott,* 56 Cal. 165.) In these cases it is held that such an entry under the Homestead or Pre-emption laws is invalid, although the entry is open and peaceable, but that it is valid if the prior possession is not actual, but merely constructive. In the present case the court finds that there was an *actual* prior possession, inclosure, and use.

An exception to the rule is made in some of the cases, but it has no application to the case at bar. It has been held that where the prior occupant has possession of a part only of a governmental subdivision of public land, and the claimant enters upon the unoccupied part, claiming the right to enter the whole of it, and in pursuance of such claim files his declaratory statement and obtains the certificate of entry on the whole tract, he will be allowed to recover the possession of the part occupied by the prior possessor. (*Whittaker* v. *Pendola,* 78 Cal. 296, [20 Pac. 680] ; *Haven* v. *Haws,* 63 Cal. 514.) In the first case, the homestead claimant entered upon three acres of the tract which the other party had not inclosed

or occupied. In the second he claimed a tract containing one hundred and sixty acres, under an entry upon one half of it, which was unoccupied, the other half being in actual possession of the other party. In the case at bar the plaintiff entered upon the inclosure of the defendants. When the reasons for the doctrine stated in *Atherton* v. *Fowler*, 96 U. S. 514, are considered, the distinction between these cases and the others clearly appears. Where the applicant can find a part of the land unoccupied he is at liberty to enter thereon, and can do so without danger of the strife, altercations, violence, or breaches of the peace such as would be invited by an entry upon the actual possession of another. The reason of the rule does not exist and the rule ceases. Having the right to take up this part of the land, and having obtained the evidence of title to the whole thereby, his title will prevail over the person in possession who can show no title whatever, but merely possession.

We think the court below correctly held that the plaintiff was not entitled to recover.

The judgment is affirmed.

Angellotti, J., and Sloss, J., concurred.