[Civ. No. 398.  First Appellate District.—February 22, 1908.]

## J. CARMICHAEL, Respondent, ·v. E. CAMPODONICO, Appellant.

PUBLIC LANDS OF UNITED STATES—LAND ACTUALLY POSSESSED FOR AGRICULTURE NOT SUBJECT TO HOMESTEAD ENTRY—OUSTER—EJECTMENT.—Public land of the· United States actually inclosed by fence and used by the possessor for agricultural purposes, without other right, is not subject to the possession of a homestead claimant who has made a homestead entry including such land in the United States land office, and if such possessor is ousted by the homestead claimant, he is entitled to recover the possession of his land in an action of ejectment against such claimant.

APPEAL from a judgment of the Superior Court of Mariposa county.  N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

J. A. Adair, for Appellant.

J. M. Corcoran, for Respondent.

BURNETT, J.—The complaint is in the usual form for an action in ejectment.  The denials of the answer present a striking illustration of the "negative pregnant," but they were treated as putting in issue all the material allegations of the complaint.  The affirmative averment upon which defendant relied is as follows: "All the land above mentioned was prior to and up to June, 1905, public land of the United States; that on the 10th day of June, 1905, this defendant entered as a homestead said 160 acres of land in the United States Land Office at Stockton, California; that he now holds the Land Office receipt No. 7933, entitling this defendant to the lawful possession and occupancy of the last above-mentioned tract; that he now holds and occupies said premises entered as a homestead under and by virtue of the laws of the United States."

At the trial defendant admitted that a patent was issued by the state of California on November 9, 1871, to John Wil-

son. That the plaintiff deraigned title from the said patentee by mesne conveyance. That the patentee and his successors in interest were in the actual and continued possession of said land from November 9, 1871, until the same was sold to plaintiff about five years ago. This was supplemented by the testimony of plaintiff, that said land was inclosed by a substantial fence, and had improvements thereon and was used for agricultural purposes, and that it was in the actual possession of his tenant, one John Lord, who was ousted by defendant at the time of the latter's entry in June, 1905.

The foregoing facts justify the findings and judgment of the court below in favor of plaintiff. The case of *Gragg* v. *Cooper*, 150 Cal. 584, [89 Pac. 346], is decisive of the controversy here. It is there held, as stated in the syllabus: "Public land of the United States actually occupied and possessed by one who has it inclosed by a substantial fence, and is using it for agricultural purposes, without other right, is not subject to entry by a qualified claimant under the homestead laws of the United States; and the process of obtaining from the officers of the United States a certificate of such entry and a receipt for fees paid, in pursuance of a declaration of his intention to settle upon the land as a homestead, filed with them, does not authorize him to go upon the land so possessed and oust the prior possessor, or to recover possession in an action against him."

We see no necessity to continue the discussion, as the other questions suggested by appellant are entirely immaterial. It is probably true that the state had no title to convey to Wilson, and that the premises in controversy are still a part of the public land of the United States, but defendant is in no position to litigate these questions in this proceeding, and the possession of plaintiff as aforesaid and his ouster by defendant constitute sufficient ground for the action of ejectment.

The judgment is affirmed.

Chipman, P. J., and Hart, J., concurred.