[Civil No. 1539. Filed June 23, 1917.]

[165 Pac. 1099.]

MARY A. MANNION, Appellant, v. THEODORE M. MARSH, Appellee.

1. EJECTMENT—NECESSITY FOR TITLE IN PLAINTIFF—ABSENCE OF STATUTE.—In the absence of statute, it is the universal rule that possession of real property is sufficient basis to authorize ejectment against mere strangers or intruders.

2. EJECTMENT—NECESSITY FOR TITLE IN PLAINTIFF—CONSTRUCTION OF STATUTE—"VALID SUBSISTING INTEREST IN REAL PROPERTY."—Civil Code of 1913, paragraph 1628, providing that any person having "a valid subsisting interest in real property," and a right to immediate possession, "may recover same by action against any person acting as owner, landlord or tenant"; paragraph 1629, providing that plaintiff must recover on the strength of his own title and paragraph 1631, providing that complaint may state generally that

plaintiff is entitled to possession, also "the quantity of his estate, and the extent of his interest therein, etc.," do not require more than a showing of mere possession to support ejectment against strangers.

3. EJECTMENT—DEFENSE—INTEREST IN PUBLIC LANDS—"DUPLICATE RECEIVER'S RECEIPT."—Defendant, having filed a homestead entry on public lands, was entitled to recover as against plaintiff in ejectment who merely held possession of a part of such lands, in view of Civil Code of 1913, paragraph 1747, providing that a certificate of purchase or of location or duplicate receiver's receipt of any land shall be *prima facie* evidence that the holder thereof is the owner, and entitled to possession of the land described therein as against every other person, except the United States, the "duplicate receiver's receipt" being intended to cover the initial step to secure title from the government.

4. PUBLIC LANDS—POSSESSORY RIGHTS—PURPOSE OF STATUTE.—Civil Code of 1913, paragraph 1747, was enacted for the purpose of aiding persons to secure possession of their lands before patents were issued, as without the aid of such statute the pre-emptor or homesteader was unable to dispossess occupants of his entries.

[As to the property or invasion of possession for which ejectment is maintainable, see note in 116 **Am. St. Rep.** 568.]

APPEAL from a judgment of the Superior Court of the county of Santa Cruz. Frank Baxter, Judge. Reversed.

Mr. M. Marsteller, for Appellant.

Messrs. Duffy & Purdum, for Appellee.

ROSS, J.—Prior to September 26, 1914, the southeast quarter of the southeast quarter and lot 6, section 17, and lots 1 and 2, section 20, township 20 south, range 14 east, Santa Cruz county, Arizona, was unappropriated public lands. On that day appellant entered it as a homestead by paying the legal filing fees to the proper land office and receiving therefrom "Notice of Allowance," which recited that application had been allowed subject to further compliance with law and regulations applicable thereto. At the time the land was unoccupied and unimproved, except 8.97 acres along its northern boundary. This piece of land was included in the inclosure of appellee, which extended over the quarter section line from lot 5 and the northeast quarter of the southeast quarter, section 17. This small fraction had been fenced and used for pasturage by the appellee and her predecessors

in interest for a number of years, under the belief of appellee
that she was the owner thereof. In August, 1915, appellant
constructed a barbed-wire fence around and along the ex-
terior boundaries of her entire entry, and in doing so neces--
sarily entered appellee's inclosure, and by her fence reduced
the size of appellee's field 8.97 acres. In addition to fencing
the land appellant made other acts of settlement upon the
unoccupied portions of her entry, such as building a resi-
dence, digging a well, planting an orchard, etc. In February,
1916, the appellee brought an action in the nature of eject-
ment to recover from appellant the possession of the 8.97
acres. Appellee's cause of action is based solely upon pos-
session and unlawful ouster by entry thereon by appellant
"against plaintiff's will and without her consent." Appel-
lant by her answer and evidence undertook to justify her con-
duct under her homestead entry. The case was tried to the
court without a jury and at its conclusion the court made the
following findings:

"(1) That the defendant duly made a homestead entry
under the United States' land laws, on the 26th day of Sep-
tember, 1914, on the following described land: S. E. ¼ S. E.
¼, and lot 6, section 17, and lots 1 and 2, section 20, town-
ship 24, S. range 14 E. G. & S. R. M.—and that said entry
embraced the land in controversy in this action, as described
in the amended complaint herein.

"(2) That the said land in controversy at the date of said
home tead entry, and for a long time prior thereto, to wit,
since July, 1904, was occupied in good faith by the plaintiff,
who was in possession of, and holding the same for her own
use and benefit, and under a title which she, at that time,
believed was good.

"(3) That the defendant, at the date of said homestead
entry, knew that plaintiff claimed, was occupying, and was
in possession of the land in controversy.

"(4) That under the law the said homestead entry is in-
valid as to the said land in controversy"—and entered judg-
ment thereon in favor of the appellee for her costs and for
the restitution of possession of the premises.

The appellant demurred to the complaint, and now insists
that the court erred in not sustaining the demurrer. The
complaint, in effect, alleged that on a certain day the plain-
tiff was occupying and using said tract of land, and was in

the possession of and entitled to the possession of the same; that the defendant entered upon said premises and took possession thereof against plaintiff's will and without her consent, and ejected plaintiff therefrom, and unlawfully withholds possession of same.

It is the contention of the appellant that mere possession of public lands does not give sufficient title to the possessor to maintain the statutory action in the nature of ejectment. She supports her contention by referring the court to section 1628 of the Civil Code of 1913, which reads:

"Any person having a valid subsisting interest in real property, and a right to the immediate possession thereof, may recover the same by action against any person acting as owner, landlord or tenant of the property claimed."

Also section 1629: "The plaintiff must recover on the strength of his own title."

And section 1631: "The complaint may state generally that the plaintiff is entitled to the possession of the premises, describing them, also the quantity of his estate and the extent of his interest therein, and that the defendant unlawfully keeps him out of possession, and the damages, if any, which he claims for withholding the same. . . . "

It is said that the appellee fails to show by her complaint that she has "a valid subsisting interest" in the premises; that mere possession is not such an interest. In the absence of such a statute we think it is the universal rule that possession of real property is sufficient basis to authorize an action of ejectment against mere strangers or intruders upon such possession, and the provision of section 1629, to the effect that the plaintiff must recover on the strength of his own title, does not change that rule when applied to an action involving possessory rights. The rule is stated in 9 R. C. L. 850, section 20, as follows:

"It is well established by the weight of authority that the general rule in actions of ejectment that the claimant must recover upon the strength of his own title does not operate to prohibit the acquisition of possessory rights which may be enforced in actions of ejectment between parties in cases where the true owner does not intervene, and that actual prior possession by the plaintiff or those under whom he claims is *prima facie* evidence of title sufficient to maintain ejectment

against a mere naked trespasser or intruder, even where title may be shown to exist in another.''

At page 854, section 22, Id., in speaking of statutes requiring that the plaintiff shall have ''a valid subsisting interest'' in the premises before he may maintain an action of ejectment, it is said:

''In some jurisdictions express provision is made by statute to the effect that no person can recover in ejectment, unless he has at the time of commencing the action a valid subsisting interest in the premises claimed, and a right to recover the possession thereof, or of some share, interest or portion thereof, to be proved and established at the trial. Such a statute has been construed as making no exception, as to the proof of the right to recover possession, in the case of strangers or intruders, and as clearly stating a universal rule applicable in all cases of ouster.''

Under this authority, which is well supported by the cases cited, we are of the opinion that the complaint states a good cause of action.

Appellant contends that, the government having permitted her to file on the several legal subdivisions described, she is, by virtue thereof, entitled to the possession of all of it, and that this action cannot be successfully maintained to dispossess her. In *Balsz* v. *Liebenow*, 4 Ariz. 227, 36 Pac. 209, decided in January, 1894, by the predecessor of this court, it was held that the holder of a duplicate receiver's receipt could not maintain an action of ejectment against the actual occupant of the land covered by her entry; such receipt not being any evidence of title or right of possession. In 1895, the eighteenth legislative assembly of the territory, having in mind no doubt the Balsz-Liebenow decision and to correct what it conceived to be a defect of the law, enacted the following statute:

''A certificate of purchase or of location or duplicate receiver's receipt of any land in this territory issued or made in pursuance of any law of the United States or of this territory, is and shall be *prima facie* evidence that the holder or assignee of such certificate or receipt is the owner of and entitled to the possession of the land described therein as against every other person, except the United States.''

This statute was carried forward and now appears in the Civil Code as section 1747. The paper issued to appellant by

the land department, as heretofore noted, is designated as "Notice of Allowance." It is also signed by the register and receiver. The question is whether such an instrument falls within the meaning of any of the terms used in the above-quoted statute. At the time that the statute was enacted there was issued to the homestead entryman a duplicate receiver's receipt, which was signed only by the receiver of the land office, reciting the fact of entry. It would seem that the "Notice of Allowance" now issued to the homestead entryman is in legal effect the same as the duplicate receiver's receipt formerly issued. Each is the inceptive or initiative step taken to acquire title from the government, and performs the same office, so far as the government and the homesteader are concerned. We, therefore, conclude that the term "duplicate receiver's receipt" was intended to cover this initial paper by whatever name it might be called, and that the holder of such is *prima facie* "the owner of and entitled to the possession of the land described therein as against every other person, except the United States."

This statute was passed for the purpose of aiding persons to secure possession of their lands before patents were issued, as without the aid of such statute the pre-emptor or homesteader was unable to dispossess occupants of his entry. California has similar statutes, and in that state may be found several cases upholding the rights of the holder of the designated evidence of title from the government to the possession as against one merely occupying the land. *Gragg* v. *Cooper,* 150 Cal. 584, 89 Pac. 346; *Wormouth* v. *Gardner,* 105 Cal. 149, 38 Pac. 646; *Whittaker* v. *Pendola,* 78 Cal. 296, 20 Pac. 680; *Haven* v. *Haws,* 63 Cal. 514.

Under the statute appellant was *prima facie* entitled to the possession of the land described as against the appellee and therefore, in this kind of an action, was entitled to judgment.

The judgment is reversed, with directions that the appellee's complaint be dismissed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

As to what title or interest will support an action in ejectment, see note in 18 L. R. A. 781.