# THE NIAGARA CONSOLIDATED GOLD MINING COMPANY v. THE BUNKER HILL CONSOLIDATED MINING COMPANY.

ACTION TO QUIET TITLE—OUTSTANDING TITLE.—In an action to quiet title, the defendant offered to prove prior possession of the property in a stranger, and the evidence was excluded on the ground that the defendant did not propose to connect its title with that of the prior possessor. *Held:* The ruling was correct.

ID.—PARTIES.—A witness having testified to the effect that he and his company claimed to own a part of the land in controversy, the defendant's attorney moved that the plaintiff be required to amend its complaint, and to bring in the witness and his có-tenants as parties; and the motion was denied.

*Held:* The defendant had no right to insist upon the proposed amendment.

ID.—ADMISSION OF IMMATERIAL EVIDENCE.—On the trial, a deed was offered in evidence, under which plaintiff claimed to have derived its title, but which did not describe the land in dispute, and was admitted over the objection of defendant that it was incompetent and irrelevant.

*Held:* The admission of the deed did not injure the defendant. The plaintiff, having proved possession of the land, made out all the title required by the law to entitle it to the relief demanded.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the county of Butte. HUNDLEY, J.

*Jo Hamilton* and *Gray & Gale*, for Appellants.

*D. W. Jenks* and *J. D. Goodwin*, for Respondents.

MORRISON, C. J.:

Plaintiff brought an action to quiet title to certain mining ground, and recovered a judgment against defendant. The case is brought up on three bills of exceptions, the first of which raises the single point, whether certain evidence offered on behalf of the defense, and objected to, was properly excluded by the Court.

The object of the testimony which was offered and excluded, was to prove prior possession of the property in a stranger. The Court asked if defendant proposed to connect its title with that of the prior possessor, and on being informed that it did not, the evidence was thereupon excluded.

The ruling was correct, and is sustained by the following cases: *Hubbard* v. *Barry*, 21 Cal. 321; *Richardson* v. *Mc-Nulty*, 24 Id. 342; *Carleton* v. *Townsend*, 28 Id. 219.

2. The second point is made upon the ruling of the Court refusing defendant's motion " that the plaintiff be required to amend its complaint, by bringing in as a defendant in the suit one Towle." We do not see what right the defendant had to insist upon the proposed amendment. The suit was to quiet title, and the plaintiff had a perfect right to proceed against the defendant to have its title quieted, irrespective of any separate and independent claim set up by Towle.

3. The third bill of exceptions presents two or three points, the first of which relates to the admission in evidence of the deed under which plaintiff claimed to have derived its title. The deed did not describe the land in dispute, and was, therefore, inadmissible as a muniment of title. But the plaintiff's right to the property did not depend upon the deed, and was as good without it as with it. The title was purely a possessory one, and the plaintiff having proven possession of the mining ground, made out all the title required by the law to entitle it to the relief demanded. The admission of the deed in evidence did not, therefore, injure the defendant in any possible manner.

The last point relates to the admission of certain evidence of work done upon the claim. We think the evidence was competent, and can see no good ground of objection to it.

Judgment and order affirmed.

SHARPSTEIN and THORNTON, JJ., concurred.