[No. 13284.   Department One. — February 25, 1890.]

JOSEPH KITTS, APPELLANT, *v.* CORNELIA AUSTIN, RESPONDENT.

83   167
132   437

QUIETING TITLE — POSSESSION OF PUBLIC LANDS — UNITED STATES HOMESTEAD CLAIM — EFFECT OF INCLOSURE. — A plaintiff who only relies upon the naked possession of public lands, without connecting himself with the title of the government, must be regarded as a mere trespasser, as against persons claiming under the government; and cannot maintain an action to quiet title against a defendant who has filed a valid homestead claim upon the premises. Such homestead claimant has title to and right of possession of all the land described in the certificate of entry, and could not be prevented by an unauthorized inclosure of plaintiff from making a homestead entry of the tract including such inclosure, if he entered peaceably upon another portion of the tract, and has in other respects complied with the law.

ID. — RIGHTS OF THIRD PARTY — REBUTTAL. — The plaintiff in such action to quiet title cannot show, in rebuttal of the defendant's title under his homestead entry, that a third person, not a party to the suit, and with whom he shows no privity, resides on the land as a qualified pre-emptor, and has a certificate of pre-emption which antedates the homestead entry of the defendant.

ID. — AWARDING POSSESSION TO DEFENDANT. — When the answer of a defendant out of possession in an action to quiet title sets up an adverse claim of title which is found to be superior to the claim of the plaintiff, the court may in its decree award possession of the premises to the defendant.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion.

*Charles W. Kitts*, for Appellant.

*Thomas S. Ford*, for Respondent.

GIBSON, C.—This was an action to quiet title; the defendant set up her adverse claim, and judgment passed in her favor, from which, and an order denying a new trial, plaintiff appeals.

From the findings, which are fully sustained by the evidence, it appears that the land in controversy is a portion of the public domain, and is comprised of ten acres within a larger tract, to which the defendant acquired the right of possession by a deed from Wilson and wife in 1867, who were at the time, and prior thereto had been, in the exclusive possession of the whole tract. Under this deed the defendant immediately entered upon the exclusive possession of the land, built a house, and made other improvements upon a portion not included within the ten-acre tract. The latter was used in connection with her dwelling as a pasture for her cattle. In 1869 one of the predecessors of plaintiff entered upon the land, and inclosed the ten-acre tract with a fence, which was sufficient to exclude stock for three years thereafter, during which time defendant was prevented from using the land; but thereafter, that is to say, from and including the year 1872 until the year 1886, the defendant used the land the same as before, except that such use was in connection with but hostile to that of the plaintiff and his predecessors. April 17, 1886, the defendant, who was duly qualified to do so, made and filed her original homestead entry upon certain public land, embracing the land upon which she resides and the ten acres in dispute, and received a certificate of

entry therefor, which she owns, and which has never been suspended, canceled, or revoked.

Neither the plaintiff nor any of his predecessors ever connected themselves with the government title to the tract in dispute, but the plaintiff, in 1886, after defendant had made her homestead entry, erected and has since maintained a substantial inclosure around the said tract.

At the trial considerable evidence was introduced by both parties, tending to prove that they and their respective predecessors had, as against each other, acquired the right to the possession of the land in dispute by adverse use. This evidence shows that neither the predecessors of plaintiff nor himself ever had the exclusive possession of the land against the defendant, except, perhaps, during three years from 1869 to 1871, both inclusive; and even during those years it seems a school was maintained in a school-house previously built upon the land by the permission of the defendant's husband, since deceased, who was, at the time, one of the trustees of the school district that maintained the school. But the case seems to have turned in defendant's favor upon the right she acquired as a homesteader.

This was right. The plaintiff, not having shown any connection with the government title to the land in controversy, was a mere naked trespasser, and his inclosure of it was made and maintained in violation of the provisions of the act of Congress of February 25, 1885 (U. S. Stats. 1884-85, p. 321); while the defendant, as a qualified homesteader, possessed of a certificate of entry which remained in full force, was deemed, as against trespassers and others not having a superior right or title to the land, to have title to and be in possession of all the land described in her certificate of entry. (Cal. Stats. 1873-74, p. 544; *Whittaker* v. *Pendola*, 78 Cal. 296.) That case was parallel with the one here. There the plaintiff sought to recover all but two or three acres embraced within his homestead entry, which was evidenced

by a receiver's duplicate receipt. The plaintiff on the trial introduced this receipt in evidence, together with testimony, from which it appeared that before the commencement of the action he had, in addition to making the payment mentioned in the receipt, built a house and established his residence upon the two or three acres within his homestead claim that were not sued for; that for two years prior to the issuance of the receipt, the defendant had maintained an inclosure around and cultivated a large portion of the homestead, and had a house and barn thereon. On the case thus made, defendant moved for a nonsuit on the ground that no title to the land had been shown by plaintiff. The court denied the motion, and the defendant thereupon, without offering any evidence on his part, submitted the case, and judgment was rendered for plaintiff. In passing upon the appeal this court said:—

"The defendant, not having shown any capacity in himself to acquire the government title to the demanded premises, nor any effort or intention to do so, stands in the position of a mere naked trespasser upon the public domain, with an inclosure erected and maintained contrary to the express provisions of the act of Congress of February 25, 1885 (Stats. 1884–85, p. 321); and the main question in the case is, whether by such unauthorized inclosure he can prevent a homestead entry of the land by a citizen of the United States who goes peaceably upon a portion of a tract, and in other respects complies with the law. This is the precise question, or the converse of it, involved and decided in the case of *Haven* v. *Haws*, 63 Cal. 514; and on the authority of that case we hold that this plaintiff had the right to make his homestead entry of the whole tract, notwithstanding the possession by defendant of the greater portion of it."

And with regard to the certificate of entry as evidence of the right of the plaintiff as a homesteader, it further said:—

"The evidence, therefore, brought the plaintiff squarely within the provisions of the second section of the act of the legislature of this state passed March 23, 1874 (Stats. 1873–74), which reads as follows:—

"'Sec. 2. Every qualified homestead claimant under the homestead laws of the United States residing on public land of the United States within this state who shall have made his original homestead entry in accordance with said laws shall, from the date of such entry, be deemed to have title to and be in possession of all the land described in such entry, as against trespassers and all persons having no superior right or title to the same, as long as he shall continue to reside thereon, and to comply in good faith with said homestead laws.'

"Under this law the plaintiff must be deemed to have the title as against the defendant to the demanded premises."

The offer of plaintiff to prove, in rebuttal, that one Luey, as a qualified pre-emptor, had entered the land as such, had received his certificate therefor, which bore date one month prior to that of defendant, and that he was residing upon the land, was properly rejected; it was not evidence in rebuttal. He relied solely upon naked possession, and could only recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant's. And the attempt to show that the land was in the possession of a third person, to say nothing of its inconsistency with his own claim, could not aid him. It could not avail him in any way, unless he could show some connection on his part with whatever right or title Luey may have had. (*Niagara M. Co.* v. *Bunker Hill M. Co.*, 59 Cal. 612; *Wilson* v. *Madison*, 55 Cal. 5; *Funk* v. *Sterrett*, 59 Cal. 613.) All of these cases were to quiet title to land. In the first the defendant offered to prove prior possession of the mining claim in a stranger. This was rejected, because the defendant disclaimed any intention of connecting itself with such prior possession.

The ruling was sustained. In the next case it was held that the defendant could not rely upon an outstanding title in the United States, he not having shown any privity with it or any title whatever. In the last case it was decided that the plaintiff, a mere possessor of a mining claim, who had not brought himself in privity with the title of the United States by a location of the claim, could not prevail over one who had.

It is objected that the court, in this form of action, erred in awarding the possession to the defendant. But there is warrant for the relief granted in section 380 of the Code of Civil Procedure, which is as follows:—

"Sec. 380. In an action brought by a person out of possession of real property, to determine an adverse claim of an interest or estate therein, the person making such adverse claim, and persons in possession, may be joined as defendants; and if the judgment be for the plaintiff, he may have a writ for the possession of the premises, as against the defendant in the action, against whom the judgment has passed." (See also *Pollack* v. *Gurnee*, 66 Cal. 266.)

The defendant here, in her answer, set up her adverse claim of title to the property. She thereby became an actor, with the burden of proof upon her to establish her claim. And the court, having found that her adverse claim was superior to that of the plaintiff's from which the right of possession flowed, properly included in its decree an award of the possession.

We have discovered no prejudicial error in the record, and therefore advise that the judgment be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.