EBENEZER WORMOUTH, RESPONDENT, *v.* PETER
GARDNER ET AL., APPELLANTS.

HOMESTEAD ENTRY—ADVERSE POSSESSION—RECEIVER'S RECEIPT—EJECT-
MENT.—A homestead claimant who resided on the land embraced in the
homestead entry when the entry was made, and continued to reside
thereon, and to comply in good faith with the United States homestead
law until final payment for the land, and who has obtained a receiver's
receipt for full cash payment, is entitled to recover in ejectment, under
section 2 of the act of March 23, 1874, "for the protection of pre-emp-
tion and homestead claimants," notwithstanding the defendants and
their predecessors were, at the date of plaintiff's homestead entry, in
the adverse possession of so much of the land covered by such entry as
is involved in the action, and have remained in such adverse possession
more than five years prior to final payment for the land.

ID.—MISTAKE IN LOCATION OF HOUSE—CHANGE AFTER DISCOVERY.—If
the homestead claimant believed, at the time of the homestead entry,
that his house was located upon the homestead claim, and not within the
boundaries of a Mexican grant, and the mistake in the location of the
house was corrected by the claimant as soon as the true boundaries of
the Mexican grant were discovered, by the removal of his actual resi-
dence to the land covered by his entry, the original homestead entry
under these circumstances is valid under the laws of the United States,
and his right to the possession of the land embraced therein against
trespassers and persons having no superior right is protected by the act
of March 23, 1874.

ORDER GRANTING NEW TRIAL—DISCRETION.—Where the superior court
has not abused its discretion in granting a motion for a new trial, the
order must be affirmed.

APPEAL from an order of the Superior Court of Marin
County granting a new trial.

The facts are stated in the opinion of the court.

*Hepburn Wilkins*, for Appellants.

*E. B. Mahon*, for Respondent.

DE HAVEN, J.—Action to recover possession of a tract
of land containing forty-six and twenty-six hundredths
acres.   The case was tried by the court without a jury,
and the issues of fact being found in favor of the de-
fendants, judgment was thereupon rendered against the
plaintiff.   Subsequently, the plaintiff's motion for a new

trial was granted, and from this order the defendants have appealed.

1. The motion for a new trial was properly granted. The plaintiff's right to the possession of the land in controversy was based upon a United States homestead entry, made May 20, 1881, and a receipt given by the receiver of the proper United States land-office, on his making full cash payment for the land July 22, 1892. The defendants are not in privity with the United States, and there was evidence tending to show that plaintiff was residing on the land embraced in his homestead entry when such entry was made, and continued to reside thereon, and to comply in good faith with the United States homestead law until final payment for the land. This was sufficient to entitle him to recover under section 2 of the act of March 23, 1874, "for the protection of pre-emption and homestead claimants" (Stats. 1873–74, p. 543), notwithstanding the fact that the defendants and their predecessors were at the date of plaintiff's homestead entry in the adverse possession of so much of the land covered by such entry as is involved in this action, and have at all times since continued in such adverse possession.

2. On the other hand, if it be conceded, as claimed by appellants (and as to whether the fact is so or not there appears to be some confusion in the evidence), that the house in which plaintiff was living at the date of the homestead entry was not upon the land so entered, but was a short distance therefrom, and within the boundaries of the Mexican grant known as the Rancho Corte Madera del Presidio, still the court was justified in finding from the testimony that plaintiff believed at the time of the entry that his house was outside of the boundaries of the grant mentioned, and upon the land entered by him as a homestead, and the mistake in the location of his house, if it was one, was corrected by plaintiff by the removal of his actual residence to the land covered by such entry, as soon as the true boundaries of the adjoining rancho were discovered. Under these circumstances

the original homestead entry was valid under the laws of the United States (*Case of Higgins*, 1 Copp's Public Land Laws and Decisions, 1882, p. 406; 3 Opinions of Attorney General, 312, Opinion of March 10, 1838; 1 Lester's Land Laws, 385), and the plaintiff's right to the possession of the land embraced therein, as against trespassers and persons having no superior right, is clearly within the spirit, if not the strict letter, of section 2 of the act of March 23, 1874, before cited.

Upon the whole, we cannot say that the superior court abused its discretion in granting the motion for a new trial; and its order must be affirmed.

Order affirmed.

McFarland, J., and Fitzgerald, J., concurred.