[S. F. No. 157.   Department One.—May 1, 1896.]

# EBENEZER WORMOUTH, RESPONDENT, *v.* PETER GARDNER ET AL., APPELLANTS.

TRUSTS—PATENT TO HOMESTEAD CLAIMANT—EQUITABLE RIGHTS OF PURCHASER OF MEXICAN GRANT—ACT TO QUIET LAND TITLES—EJECTMENT —SUPPLEMENTAL ANSWER AND CROSS-COMPLAINT — DEMURRER.—In an action of ejectment, where the plaintiff's right of recovery was based upon a homestead entry and receiver's receipt, a supplemental answer and cross-complaint by the defendants, setting forth the issuance of a patent to the plaintiff pending the action, and seeking to enforce a trust therein as against the plaintiff, upon the alleged ground that the defendants are the successors in interest of a *bona fide* purchaser from a Mexican grantee, whose grant was subsequently rejected, and setting forth all the facts required for the protection of such purchaser under section 7 of the act of Congress of July 23, 1866, to quiet land titles, and alleging that, at the hearing before the land department, all of these facts were established by competent evidence, without conflict, and that the decision of the land department that the patent should issue to the plaintiff was based wholly upon an erroneous construction of the law that defendants were not entitled thereto, states a sufficient ground for the enforcement of a trust against the plaintiff, and a demurrer admitting the facts thus alleged is improperly sustained.

ID.—QUESTION OF FACT FOR LAND DEPARTMENT—GOOD FAITH OF PURCHASER—POSSESSION AND IMPROVEMENT—CONTESTED FACTS—CONCLUSION OF LAW AS TO UNDISPUTED FACTS.—Whether the predecessor of the defendant did, in fact, purchase the land for a valuable consideration in good faith, or whether he believed that the land purchased was included within the original limits of the Mexican grant, or whether after his purchase, he used and improved the land, and continued in the actual possession of the same, according to the lines of his purchase, are questions of fact for the land department to determine, and its decision upon those questions of fact, if contested, is conclusive upon the courts, though if it has made an erroneous conclusion of law upon undisputed facts, its action is open to review.

ID.—JURISDICTION OF LAND DEPARTMENT—DECISION AS TO PATENT, HOW FAR CONCLUSIVE—ERROR OF LAW—EQUITABLE RELIEF.—Upon the

issuance of a patent by the United States, the decision of the land department upon all the facts necessary to the issuance of the patent, is, in the absence of fraud, mistake, or imposition, conclusive, and any errors of judgment, in reference to the weight of evidence or the credibility of the witnesses, as well as the inferences or conclusions which the officers may draw from the testimony before them on contested questions of fact, are conclusive upon the courts; but if, in making their decision, they have erred in the construction of the law applicable to the facts, or by any mistake of law have given to one the land which, upon undisputed facts, should have been given to the contestant, a court of equity will grant relief against such mistake by disregarding the erroneous ruling of law, and will decree that the person who has received the patent holds it in trust.

APPEAL from a judgment of the Superior Court of Marin County.    F. M. ANGELLOTTI, Judge.

The facts are stated in the opinion of the court.

*Hepburn Wilkins*, for Appellants.

The purchaser under Mexican grantees has an absolute right as against a pre-emption or homestead claimant to purchase the land. (*Rutledge* v. *Murphy*, 51 Cal. 388; Brightley's Digest, sec. 19, p. 105.) Equity will relieve where the land department by mistake of law has awarded land to the wrong party. (*Johnson* v. *Towsley*, 13 Wall. 72; *Rector* v. *Gibbon*, 111 U. S. 276; *Moore* v. *Robbins*, 96 U. S. 530; *Buckley* v. *Howe*, 86 Cal. 596; *Rutledge* v. *Murphy, supra.*) In such case the court will convert the holder of the legal title into a trustee of the true owner, and compel him to convey the legal title. (*Rector* v. *Gibbon, supra.*)

*E. B. Mahon*, for Respondent.

Questions relating to United States public lands must be governed by the laws of Congress and the decisions of the land department; and the state of California cannot, either by its courts or by its legislature, interfere with the disposal of the lands of the United States. (Wood's Digest, 43.) The question raised by the equitable defense and cross-complaint is a question of fact, not of law, but even if a mixed question of law and fact, in either case the decision of the secretary of the inte-

rior is final and conclusive. (*Dilla* v. *Bohall*, 53 Cal. 710; 1 Copp's Land Laws, 538 (1882); *Colburn* v. *Northern Pac. R. R. Co.*, 13 Mont. 476; *Lansdale* v. *Daniels*, 100 U. S. 113; *Stewart* v. *Sutherland*, 93 Cal. 276.) To give defendants any standing in equity to maintain this cross-action, the defendant must show some privity with the paramount source of title, or some agreement or sale by the holder of the patent to him. (*Redfield* v. *Parks*, 132 U. S. 247; *Doll* v. *Meador*, 16 Cal. 296; *Carder* v. *Baxter*, 28 Cal. 100; *Zumwalt* v. *Dickey*, 92 Cal. 158.) The patent issued to respondent is conclusive of the rights of the parties. (*Gibson* v. *Chouteau*, 13 Wall. 92, 93; *Throckmorton* v. *Wormouth* (1891), 13 Dec. Dep. Int. 448.) The court will not go into the question of the sufficiency of the evidence to sustain the finding of fact of the land department. (*Lee* v. *Johnson*, 116 U. S. 48; *Shepley* v. *Cowan*, 91 U. S. 339; *McHarry* v. *Stewart*, 35 Pac. Rep. 144; *Green* v. *Hayes*, 70 Cal. 280; *Lansdale* v. *Daniels*, 100 U. S. 118; *Bohall* v. *Dilla*, 114 U. S. 47; *Hays* v. *Steiger*, 76 Cal. 555.)

HARRISON, J.—Upon the former appeal in this case (*Wormouth* v. *Gardner*, 105 Cal. 149), the plaintiff's right of recovery was based upon a homestead entry, and the receipt of the receiver of the United States land-office for the cash payment thereof. The trial of the cause below, from which that appeal was taken, was had in the year 1892, and intermediate the decision upon that trial and the decision of this court upon the appeal, a patent for the land described in the complaint was issued to the plaintiff by the United States, and upon the going down of the *remittitur* the defendants filed a supplemental answer and a cross-complaint, setting forth this issuance of the patent to the plaintiff, and alleging other facts by virtue of which they claimed that the plaintiff holds the patent in trust for them, and asked that the court decree that he execute to them a conveyance of the said land. To this supplemental answer and to the cross-complaint the plaintiff filed a general demurrer,

which was sustained, and, the defendants declining to amend, judgment was thereafter rendered in favor of the plaintiff. From this judgment the defendants have appealed.

The facts alleged by the defendants in support of their claim are, that in the year 1834, the Mexican government granted to Juan Reed a tract of land called the Rancho Corte de Madera del Presidio, which included the demanded premises within its exterior limits; that the said grant was confirmed, and in the year 1885 a patent therefor was issued by the United States to the heirs of said Reed (he having died in 1843); that after the confirmation of the grant, and while proceedings were pending in the land department to ascertain its boundaries, and before the final survey thereof had been made, the grantors of the defendants purchased from said heirs of Reed, in good faith and for a valuable consideration, a tract of land which included the lands described in the complaint, in the belief that the said tract of land was a part of said Mexican grant; that the final survey upon which the patent was issued was made in 1874, and by it the lands so purchased were excluded from the grant; that in January, 1875, one Throckmorton, who had succeeded to the interests of the aforesaid purchasers, made an application to the register and receiver of the United States land-office, at San Francisco, for the purchase of said lands under section 7 of the act of Congress, entitled "An act to quiet titles in California," approved July 23, 1866, and that the plaintiff herein was a party defendant upon said application, and contested the same; that Throckmorton's application was rejected by the register and receiver, and also, upon appeals therefrom, by the commissioner of the general land-office, and by the secretary of the interior, and that thereafter a patent was issued to the plaintiff for the lands described in the complaint; that after the institution of the proceedings before the register and receiver, Throckmorton died, and that the defendants herein have succeeded to his interests in the premises.

It is an established rule of law that, upon the issuance of a patent by the United States, the decision of the officers of the land department upon all of the facts necessary to the issuance of such patent is, in the absence of fraud, mistake, or imposition, conclusive, but that if in making this decision they have erred in the construction of the law applicable to the facts, or by any mistake of law have given to one the land which, upon undisputed facts, should have been given to his contestant, a court of equity will grant relief against such mistake by disregarding their erroneous rulings of law, and will decree that the person who has received the patent holds the same in trust for the one to whom it should have been issued. Errors of judgment, however, in reference to the weight of evidence or the credibility of witnesses, as well as the inferences or conclusions which the officers may draw from the testimony before them in contested questions of fact, are conclusive upon courts. (*Johnson* v. *Towsley,* 13 Wall. 72; *Shepley* v. *Cowan,* 91 U. S. 330; *Moore* v. *Robbins,* 96 U. S. 530; *Rector* v. *Gibbon,* 111 U. S. 276; *Lee* v. *Johnson,* 116 U. S. 48; *Rutledge* v. *Murphy,* 51 Cal. 388; *Buckley* v. *Howe,* 86 Cal. 596. See, also, cases cited under Gould and Tucker's notes to U. S. Rev. Stats., sec. 2273.) The parties to this appeal do not either of them controvert this proposition, but differ as to its application to the case before the court—the appellant relying upon the former part of the rule, while the respondent contends that the latter portion controls the case.

Section 7 of the United States Statutes (14 U. S. Stats. 220), provides: "That where persons in good faith, and for a valuable consideration, have purchased lands of Mexican grantees or assigns, which grants have subsequently been rejected, or where the lands so purchased have been excluded from the final survey of any Mexican grant, and have used, improved, and continued in the actual possession of the same, as according to the lines of their original purchase, and where

no valid, adverse right or title (except of the United States) exists, such purchasers may purchase the same, after having such lands surveyed under existing laws, at the minimum price established by law, upon first making proof of the facts as required in this section, under regulations to be provided by the commissioner of the general land-office." Under the provisions of this section Throckmorton made his application for the purchase of the lands that had been conveyed to him, and contested with the plaintiff the right to receive a patent for the lands in question, and under the above authorities the decision of the officers before whom the contest was had is conclusive upon all questions of fact presented to them. It is alleged, however, in the answer and cross-complaint of the defendants herein, that the grantees under the heirs of Reed purchased the lands described in their deeds " in good faith, and for a valuable consideration," and that they "used, improved, and continued in the actual possession of the said lands," including those described in the complaint, "according to the lines of their original purchases," and that from February 1, 1871, to July 17, 1890, Throckmorton, and, after his death, his executrix, "used and improved, and continued in the actual possession" of the lands described in the deeds from the heirs, "substantially according to the lines of said deeds," and that Throckmorton, at the time of his said purchase, believed in good faith that all of said lands were included within the Mexican grant to said Reed, and, in good faith, entertained such belief until the date of his death, and that the said Mexican grant did purport to grant and convey all of the said lands described in said deeds; that on July 17, 1890, the defendant, Jacob Gardner, succeeded to the interest of Throckmorton, and has, since that date, been in the possession of a certain portion of the land described in the complaint. It is also alleged that at the hearing before the officers of the land department all of these facts were established by competent evidence, and that there was no conflict in said

evidence, and no evidence which contradicted any part of said evidence, and that the said evidence was true; but that, notwithstanding the same, the register and receiver, and also the commissioner of the general land-office and the secretary of the interior, "basing their decision upon the evidence aforesaid, and resting the same upon the proposition of law, that under the evidence and facts introduced before them on said application, as aforesaid, the said Throckmorton was not in law, or under the law, entitled to purchase the said land, denied the application of said Throckmorton to purchase the said land"; and that a patent for said land was issued to the plaintiff by reason of said erroneous construction of the law.

Upon these facts it is evident that Throckmorton brought himself within the provisions of section 7 of the United States statutes aforesaid, and was entitled to receive a patent for the land, and the demurrer to the answer and cross-complaint of the defendants concedes the truth of these averments. The answer and cross-complaint do not set forth the facts which were determined by the secretary of the interior, nor does it appear that he made any special findings of fact, or gave any conclusion with reference to the above facts, but upon the allegation that the purchase was, in fact, made in good faith, and for a valuable consideration, and that competent and uncontradicted evidence of such facts, as well as of the other facts, was presented to that officer upon the application for the patent, we must assume that his findings were in accordance with the evidence, and that his refusal to issue the patent to Throckmorton was by reason of his construction of the law that he was not entitled thereto. Whether Throckmorton did, in fact, purchase the land for a valuable consideration, or whether after his purchase he used and improved, and continued in the actual possession of the same, according to the lines of his purchase, were questions of fact to be determined by the secretary of the interior. The good faith of Throckmorton in mak-

ing the purchase, as well as his belief that the land he purchased was included within the original limits of the Mexican grant, were also facts to be determined by that officer from all the circumstances under which the purchase was made. Whether that officer properly considered the weight to which the evidence before him was entitled, or whether he drew correct conclusions from that evidence, his determination with reference to these facts, whether correct or erroneous, is conclusive upon the judicial tribunals. These tribunals cannot exercise a revisory jurisdiction over him in matters which are within the scope of the authority conferred upon him, but if, upon the undisputed facts, he made an erroneous application of the law pertinent to those facts, his action is open to review.

The judgment is reversed, and the superior court is directed to overrule the demurrers, with permission to the plaintiff to answer the cross-complaint, if he shall be so advised.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.