[S. F. No. 1143.   Department Two.—July 6, 1899.]

## EBENEZER WORMOUTH, Respondent, v. PETER GARD-NER et al., Appellants.

PUBLIC LANDS—CONTEST BETWEEN CLAIMANTS—JURISDICTION OF LAND DEPARTMENT.—The land department has exclusive jurisdiction to determine all facts, and all inferences of fact, arising upon a contest between claimants of the public lands; and it is only where it is manifest that the land department decided the case upon an erroneous proposition of law, that its decision is reviewable by the courts.

ID.—HOMESTEAD CLAIM—CLAIM UNDER ACT TO QUIET LAND TITLES —CONCLUSIVE FINDINGS OF FACT.—Upon a contest in the land department of the United States between a homestead claimant and a claimant under the act of July 23, 1866, to quiet land titles in California, claiming by virtue of a deed from the heirs of a Mexican grantee of lands excluded from the grant by the survey and patent, where there is nothing in the proceedings of the land department to show that its decision was founded upon an erroneous view of the law, its findings of fact in favor of the homestead claimant, to whom the patent was issued, and against the other claimants, that the land in controversy was never included within the boundaries of the Mexican grant, and was never so regarded, and that the grantee of the heirs, at the time of the deed to him, knew, or had reason to believe, that it was not so included, and that he was not a *bona fide* purchaser thereof, within the meaning of that act, are conclusive, and cannot be reviewed by the court.

ID.—PATENT UNDER MEXICAN GRANT—BOUNDARIES.—The United States patent to the heirs of a Mexican grantee is finally determinative of the boundaries of the grant.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial.   F. M. Angelotti, Judge.

George W. Monteith, and Hepburn Wilkins, for Appellants.

L. D. McKissick, and E. B. Mahon, for Respondent.

McFARLAND, J.—This is an action in ejectment to recover possession of certain lands described in the complaint. Judgment below went for plaintiff, and defendants appeal from the judgment and from the order denying a motion for a new trial.

Plaintiff claims title under a homestead entry made in accordance with the United States laws upon that subject (see *Wormouth v. Gardner,* 105 Cal. 149), and before the filing of the cross-complaint hereinafter mentioned he received a United States patent for the land in pursuance of his homestead entry. The principal contention of defendants for a reversal is in relation to what they call their equitable title. This title, as shown in the cross-complaint, is briefly as follows: It is averred that the land in contest here was within the exterior boundaries of a certain Mexican grant, made in 1835 to Juan Reed, of a certain tract of land called the Rancho Corte de Madera del Presidio—usually called the Reed rancho; that this grant was presented to the land commissioners and the United States district court, and was confirmed; that a United States patent to the rancho was issued to the heirs of Reed in February, 1885, and that the patent excluded the land in contest in this case, and that the Reed heirs supposed the land was included within said grant, and with that understanding conveyed the same to various parties, through whom, by mesne conveyance, whatever right they had to this piece of land became vested in the defendant, Jacob Gardner, whose immediate grantor was one Throckmorton. It is further averred that in January, 1875, the said Throckmorton made application to the United States land department to purchase said lands under the act of Congress entitled, "An act to quiet titles in California," approved July 23, 1866; basing his application upon the facts hereinbefore stated, and that the plaintiff herein, Wormouth, was made a party defendant in said application, and that a contest took place in the land department between Throckmorton, upon his claim as aforesaid, and Wormouth, as a homestead claimant; that the register and receiver of the United States land office at San Francisco, in which application was made, decided the case in favor of Wormouth and against Throckmorton; that Throckmorton appealed to the commissioner of the general land-office, who also decided the case against him; and that he

then appealed to the secretary of the interior, who again decided
the case against him and in favor of Wormouth; but that
each of said officers decided the case upon an erroneous propo-
sition of law; and that therefore it ought to be decreed that the
plaintiff holds said land in trust for defendant, Jacob Gardner,
and should convey the same to the latter. A demurrer to this
cross-complaint was sustained by the court below, but upon ap-
peal this court held that the averments of the complaint were
sufficient on their face to show that the decision of the land de-
partment had been based upon an erroneous construction of the
law, and reversed the case with directions to the court below to
overrule the demurrer—the court declaring, however, in its
opinion, very clearly, the principles upon which it should be
determined whether or not the decision of the land department
was final. (See *Wormouth v. Gardner*, 112 Cal. 506.) After
the *remittitur* went down the plaintiff filed an answer, in which
all the material averments of the cross-complaint were denied.
Upon the trial, the defendants introduced all the proceedings
had in the land department in the said contest of Thockmorton
and Wormouth. That contest was one entirely within the jur-
isdiction of the United States land department, that is, each
party was endeavoring to get title to what each admitted to
be United States government land, which was subject to dis-
position under the laws of the United States. The land de-
partment, therefore, had exclusive jurisdiction to determine all
facts which arose in the contest; and in order to successfully
attack the decision of the department the defendant in this
present case would have to show that such decision was founded
upon an erroneous notion of the law. But this he has failed
to do. The department, among other things, found that the
land in contest never was within the boundaries of the grant
to Reed; that it was never regarded as being included in that
grant, and that Throckmorton, at the time he claimed to have
purchased from the Reed heirs, either knew or had good reason
to believe that the land was not included in the grant, and was
not a *bona fide* purchaser within the meaning of the act of
July 23, 1866. In *Wormouth v. Gardner*, 112 Cal. 506, this
court said: "Whether Throckmorton did, in fact, purchase the
land for a valuable consideration, or whether after his purchase

he used and improved and continued in the actual possession of the same, according to the lines of his purchase, were questions of fact to be determined by the secretary of the interior. The good faith of Thockmorton in making the purchase, as well as his belief that the land he purchased was included within the original limits of the Mexican grant, were also facts to be determined by that officer from all the circumstances under which the purchase was made. Whether that officer properly considered the weight to which the evidence before him was entitled, or whether he drew correct conclusions from that evidence, his determination with reference to these facts, whether correct or erroneous, is conclusive upon the judicial tribunals. These tribunals cannot exercise a revisory jurisdiction over him in matters which are within the scope of the authority conferred upon him, but if, upon the undisputed facts, he made an erroneous application of the law pertinent to those facts, his action is open to review." In the case at bar, it nowhere appears that the secretary of the interior made an erroneous "application of the law," but it does appear that his decision was based upon facts which necessarily defeated the claim of Throckmorton. For the same reasons the decision of the United States land department was conclusive as to Wormouth's title as a homestead claimant.

What appellant claims as his legal title was presented to the jury in the shape of an issue as to damages for detention of the land. The jury found a verdict of two thousand dollars, which the court reduced to sixteen hundred dollars. The United States patent to the Reed heirs was finally determinative of the boundaries of the grant; and we see no other point in the case necessary to be discussed.

The judgment and order appealed from are affirmed.

Temple, J., and Garoutte, J., concurred.

Hearing in Bank denied.