[L. A. No. 7128. In Bank.—June 6, 1922.]

## LILLIE E. MARTIN, Respondent, v. PETER BARTMUS, Appellant.

[1] QUIETING TITLE — PUBLIC LAND — ENTRYMAN — RIGHT TO QUIET TITLE OR MAINTAIN EJECTMENT.—A person who is in the course of acquiring title to government land may maintain an action to quiet title or in ejectment, the same as against other parties to whose claims of title his equities are superior.

[2] ID.—UNLAWFUL DETAINER—ISSUES—JUDGMENT.—In an action in unlawful detainer the sole question in issue is the right of present possession, and the question of title cannot be litigated therein, and hence the judgment-roll in an action of unlawful detainer is not admissible under a plea in bar in an action involving the title to the premises in dispute.

[3] ID.—CONFLICTING CLAIMS TO PUBLIC LAND—DECISION OF INTERIOR DEPARTMENT—FINALITY OF.—Where the question of the conflicting rights of the parties to an action to quiet title to obtain title to public land from the United States government under the Desert Land Act was fully presented to the Department of the Interior in the method provided by said act for determining the rights of conflicting claimants under said act, and therein finally determined in the plaintiffs' favor, the holding is final and conclusive as to the issues involved in such hearing, and the defendants cannot put the same matters in issue in the action to quiet title.

[4] ID.—IMPROVEMENTS ON PUBLIC LAND—TRESPASSERS—REIMBURSEMENT.—Where improvements are made on public land by one of the contestants while a contest of the right to acquire the land from the government is pending, and in an action to quiet title to the land the court finds that the improvements were voluntary in character and made while the parties making them were trespassers, the latter are not entitled to reimbursement for them.

---

1. Ejectment pending final determination between conflicting claimants to public lands, note, 12 **Ann. Cas.** 33.

[5] ID.—WRIT OF POSSESSION.—In an action to quiet title to certain land on which plaintiff had filed under the Desert Land Act, where the court found that defendants were mere trespassers upon the land and otherwise found in favor of plaintiff, it properly granted plaintiff the incidental remedy of a writ of possession, permitted by the express terms of section 280 of the Civil Code.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sebold L. Cheroske and W. J. Tremeear for Appellant.

Frank C. Prescott and Frank G. Falloon for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff in an action to quiet title to a tract of 320 acres of land in the Imperial Valley. The land was and still is government land, subject to entry and acquisition under the provisions of the act of Congress approved March 3, 1877, and amended March 3, 1891, commonly known as the Desert Land Act [8 Fed. Stats. Ann., 2d ed., pp. 692, etc.; U. S. Comp. Stats. 4674–4678]. By the terms of the act the entryman was not required to live upon the land but was required to make first, second, third, and fourth and final proof of certain expenditures toward the irrigation, reclamation and cultivation of such lands. The plaintiff in her complaint herein alleges that on the fourth day of March, 1913, she had filed a desert land entry upon said land and that on the fourth day of March, 1914, she had submitted in due and legal form her first annual proof as required by said act and thereafter had also in due time and form submitted her second and third annual proofs and had thereby gained the right to take possession of said land and to make her fourth and final proofs necessary to secure a patent to said land, but that the defendant has wrongfully and illegally entered upon said land and forcibly and wrongfully holds and occupies the same to the exclusion of the plaintiff, and by so doing prevents her from the acquisition of such possession of the same as is necessary to enable her to make her final proofs thereon and obtain her patent therefor. Wherefore, the

plaintiff prays that the defendant be required to set forth the nature of his adverse claims in order that the same may be determined and her right and title to said land be quieted as against such claim and that she may be adjudged entitled to the possession of said land and have a writ of possession for the same. The defendant in his answer denies most of the material averments of the plaintiff's complaint. He also, by way of a further and separate answer, alleges the existence of a certain judgment in his favor in an action of unlawful detainer brought by the plaintiff against him and which he alleges constitutes a bar to the present action. He also pleads certain affirmative matter by way of counterclaim and also of cross-complaint. There were certain other parties named in the complaint besides the appellant Bartmus, but as to these they either defaulted or filed disclaimers and no relief was sought or awarded as to them. The facts as developed at the trial and as found by the trial court were briefly these: The plaintiff had, as she averred, and as the defendants admitted, filed her desert land entry on March 4, 1913, and a year later had submitted in due form her first annual proof as required by the Desert Land Act. On October 26, 1914, the defendants Peter and Dora Bartmus filed a contest in the United States land office at Los Angeles against the plaintiff's said entry, to which contest the plaintiff herein filed an answer. Upon the hearing thereon the local land officers decided the same in the contestants' favor, but upon appeal by plaintiff herein to the commissioner of the general land office and thence to the Secretary of the Interior said contest was finally decided in the said plaintiff's favor, the Secretary of the Interior by his decision dismissing said contest and deciding that the said plaintiff had made a legal desert land entry and had duly made her first annual proofs thereon and had duly submitted her second and third annual proofs thereon and was entitled to have the same approved. Said decision of the Secretary of the Interior was rendered on March 12, 1917, but prior thereto and on the twenty-fifth day of June, 1915, the defendants Bartmus had entered upon said land and continued thereafter to hold the same to the exclusion of the plaintiff therefrom. During the time of their said possession of said land the said defendants had made certain improvements thereon, which, however, the court found to

have been made by them voluntarily and while said defendants were trespassers upon said land. In August, 1917, the plaintiff commenced an action in unlawful detainer against said defendants in which action the defendants prevailed, the court finding and adjudging that the plaintiff was not at said time entitled to recover possession of the premises from the defendants. The trial court in the present action, however, found that the issues tendered in that action were not the same as those presented in the instant case and hence that the judgment therein did not constitute a bar to the present action. The conclusion of the trial court in the instant case was that the plaintiff was entitled to have her title quieted as against said defendants and to have a writ of possession for the lands in question as against the defendants whose adverse claims were adjudged to be invalid. From this judgment the defendant Peter Bartmus prosecutes this appeal.

[1] The appellant's first contention is that since it appears that the title to the premises in question is still in the United States government she is not in a position to maintain her action to quiet her title to said premises as against the appellant. There is no merit in this contention. It has been repeatedly held by this court that a person who is in the course of acquiring title to government land may maintain an action to quiet title or in ejectment, the same as against other parties to whose claims of title her equities are superior. (*Wilson* v. *Madison et al.*, 55 Cal. 5; *Orr* v. *Stewart*, 67 Cal. 275 [7 Pac. 693]; *Kitts* v. *Austin*, 83 Cal. 169 [23 Pac. 290]; *Warmouth* v. *Gardner*, 105 Cal. 149 [38 Pac. 646].) The same doctrine has been declared by the supreme court of the United States in *Gauthier* v. *Morrison*, 232 U. S. 452 [58 L. Ed. 680, 34 Sup. Ct. Rep. 384, see, also, Rose's U. S. Notes]. The cases cited by the appellant in support of his contention in this regard do not run counter to the rule above stated. They are to the effect that a party holding merely the certificate of the receiver of the United States land office cannot maintain an action in ejectment against one in possession of property the title to which is in the United States. The present action is not, however, an action in ejectment but an action to determine adverse claims under section 380 of the Civil Code, by

the terms of which section of the code a writ of possession may follow a judgment in the plaintiff's favor.

[2] The appellant's next contention is that the judgment pleaded in his answer as having been rendered in his favor in an action for unlawful detainer and which was not appealed from constituted a sufficient plea in bar to the present action. It has been consistently held by this court that in such an action the sole question in issue is the right of present possession and that the question of title cannot be litigated therein. (*Felton* v. *Millard,* 81 Cal. 540 [21 Pac. 533, 22 Pac. 750]; *Knowles* v. *Murphy,* 107 Cal. 107 [40 Pac. 111]), and hence that the judgment-roll in an action of unlawful detainer is not admissible under a plea in bar in an action involving the title to the premises in dispute. (*Fish* v. *Benson,* 71 Cal. 428 [12 Pac. 454].) [3] Furthermore, the record in this case discloses that the question of the conflicting rights of the parties to this action to obtain title to the same from the United States government under the Desert Land Act was fully presented to the Department of the Interior in the method provided by said act for determining the rights of conflicting claimants under said act and was therein finally determined in the plaintiff's favor. Such holding is final and conclusive as to the issues involved in such hearing. (*Green* v. *Hayes,* 70 Cal. 281 [11 Pac. 716]; *Shankland* v. *McNamara,* 87 Cal. 378 [26 Pac. 345]; *Grant* v. *Oliver,* 91 Cal. 158 [27 Pac. 569]; *Warmouth* v. *Gardner,* 125 Cal. 316 [58 Pac. 20]; *Gage* v. *Gunther,* 136 Cal. 338 [89 Am. St. Rep. 141, 68 Pac. 710].) The defendants herein by their answer attempt to put in issue the same matters which were decided adversely to them by the Department of the Interior. This, under the foregoing authorities, they cannot be permitted to do. [4] In their counterclaim the defendants alleged that while in possession of said land they had made certain improvements thereon in the way of preparing the land for irrigation and of erecting certain buildings thereon, but in respect to these the trial court found that such improvements and expenditures were voluntary in character and were made while the defendants were mere trespassers upon the premises and hence that they were not entitled to reimbursement from the plaintiff for the same. [5] We perceive no error in this ruling; nor do we think that the trial court, after find-

ing that the defendants were mere trespassers upon the land in question and finding otherwise in the plaintiff's favor, was in error in granting to the successful plaintiff the incidental remedy of a writ of possession, permitted by the express terms of section 380 of the Civil Code.

Judgment affirmed.

Lennon, J., Shurtleff, J., Sloane, J., Wilbur, J., Lawlor, J., and Shaw, C. J., concurred.