[Civ. No. 10009.   First Appellate District, Division Two.—January 24, 1936.]

ETHEL R. DUNPHY et al., Appellants, v. GUARANTY BUILDING AND LOAN ASSOCIATION (a Corporation) et al., Defendants and Respondents; GUARANTY LIQUIDATING CORPORATION (a Corporation), Intervener and Respondent.

H. M. Dunphy, *in pro. per.*, and John C. Kleber for Appellants.

George W. Fenimore and Donn Bent for Respondents.

STURTEVANT, J.—In an action brought to quiet title and to recover damages the trial court granted a motion for a nonsuit against the plaintiffs and made findings in favor of Guaranty Liquidating Corporation, the intervener, quieting its title. From the judgment entered the plaintiffs have appealed.

Heretofore one Fields sold and conveyed to Oscar L. Bishop certain acreage in Los Angeles County which was platted and subdivided as Tract 3874. Among others it contained lot 9. After acquiring title the grantee mortgaged lot 9 to one Lehmann for $4,000. On July 21, 1923, Bishop conveyed to Helen Barnard. She conveyed to C. F. and M. L. Higgins. The latter conveyed to these plaintiffs on January 4, 1928. Helen Barnard purchased the lot for $8,500 (sic). She paid $1,000 down. She assumed the mortgage for $4,000. She made a second mortgage in the sum of $3,750. She agreed to pay and did pay $100 per month for about two years when she sold to Mr. and Mrs. Higgins. The latter paid $1,000 down and executed a trust deed for $7,750 to secure a loan from Guaranty Building and Loan Association, which, in turn, paid off the two encumbrances, one for $4,000 and one for $3,750. In 1928 the plaintiffs bought the lot from Mr. and Mrs. Higgins. They paid $700 down and assumed the encumbrance. They executed another note and trust deed and the first one was canceled. The debt so evidenced was made payable $75 per month. After taking title they made their payments until October, 1930, when they ceased and since then they have made none. The trust deed hereinabove last mentioned was made to North American Bond and Mortgage Company as trustee to secure the note in favor of Guaranty Building and Loan Association.

On December 23, 1930, A. N. Kemp was appointed receiver of Guaranty Building and Loan Association. After he qualified as such receiver the note and trust deed constituting the evidence of the encumbrance on the property came into his possession. He caused the obligation to be foreclosed. At the sale he bid in the property for $3,500 and received a deed therefor. Later he conveyed it to Guaranty Liquidating Corporation.

On April 20, 1931, this action was commenced. The plaintiffs named as defendants Guaranty Building and Loan Association, the beneficiary under the deed of trust. North American Bond and Mortgage Company, the trustee, and A. N. Kemp, the said receiver. All defendants answered and put in issue all of the material allegations of plaintiffs' complaint. Still later Guaranty Liquidating Corporation intervened. In its complaint it set forth a cause of action in the ordinary form asking that its title be quieted and that it be

put in possession of said property. The plaintiffs answered the complaint in intervention and on all of the issues so made the action went to trial.

The hearing arose on the case as made by the complaint of the plaintiffs and the answers thereto. That complaint contained three counts. The first pleaded a cause of action to quiet title. The second purported to plead a cause of action for damages for alleged fraud. The third pleaded a cause of. action for moneys had and received. At the end of the plaintiffs' case the court granted a motion of the defendants for a nonsuit.

The plaintiffs claim no issue of fact was made under the answers. No such question was presented to the trial court. All of the parties treated the pleadings as placing in issue all of plaintiffs' allegations and the plaintiffs introduced their evidence in accordance with the theory that the denials were sufficient.

It is also claimed the intervener, by failing to interpose an answer, admitted plaintiffs' second cause of action. The point is without merit for several reasons. The point was not presented to the trial court. As to the plaintiffs' complaint the issues were made by the predecessors in interest of the intervener. It accepted and acted on the issues made by the plaintiffs' complaint as the record stood when it was allowed to intervene. Finally, under no theory was it a party to the alleged fraud nor responsible therefor.

It is next asserted that the note which plaintiffs made had no consideration. It is sufficient to state that the facts hereinabove set forth negative that assertion. It should also be stated that there was not a particle of evidence to the effect that the note had no consideration. The property may not have had the value which Mr. Beesemeyer, the managing agent of Guaranty Building and Loan Association, placed on it; but, according to the uncontradicted evidence it had a value in excess of the cash payment made by the plaintiffs.

The plaintiffs assert that the transaction was the result of defendants' fraud. Be that as it may, the plaintiffs did not present sufficient evidence to authorize a judgment in their favor for damages. They did not rescind. Neither did they live up to the terms of their contract. At the time they filed their action they were in default for many instalments due and payable by the terms of the contract. Under these

circumstances they were not entitled to sue for damages. (12 Cal. Jur. 782; *Hines* v. *Brode,* 168 Cal. 507, 515 [143 Pac. 729].)

It is next asserted that these defendants violated an order made by a federal court. The plaintiffs do not quote any part of the record nor cite any pages thereof which present the point. A court of review will never, of its own motion, search a record for the purpose of endeavoring to find facts on which to predicate a reversal.

Immediately before the trial court granted the motion for a nonsuit it granted a motion of the defendants striking out all of the evidence which concerned the property in suit prior to January 4, 1928, the date on which the plaintiffs secured their title. Taken in connection with the issues made by the pleadings, plaintiffs claim the evidence would have supported their right to recover under their second count. But, as there was no evidence that the plaintiffs performed those acts which under the contract they were bound to perform, as we have shown above, they were not entitled to recover damages as for fraud. If the motion to strike had not been granted, nevertheless the plaintiffs were not entitled under the facts to recover. It follows that, if we assume the granting of the motion was an error, such error was not prejudicial.

The last contention made by the plaintiffs is that the issue presented by the complaint in intervention is impossible. On the contrary, we think it was quite possible and proper. Under the issues made by the plaintiffs' complaint and the answers thereto, the court had no power to give affirmative relief to anyone except the plaintiffs. Under the facts, the title rested in the intervener. We see no reason why it should not have had an opportunity to appear, file the pleading it did, and obtain an affirmative judgment quieting its title. (Code Civ. Proc., sec. 380; *Kitts* v. *Austin,* 83 Cal. 167 [23 Pac. 290].)

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.